# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**03-00017**

LUAN Q. TRINH and CHI LUONG,      :     CIVIL ACTION NO. 02-9105
h/w

                              :     CIVIL DIVISION

         v.

MARYFE A. CULIAT and
FELY A. CULIAT

FILED
DISTRICT COURT OF GUAM
JUN 05 2003
MARY L. M. MORAN
CLERK OF COURT

FILED
APR 2 4 2003
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, to wit, this 24 day of *April* , 2003, upon consideration of the Joint

Motion To Transfer the instant matter to the United States District Court For Guam pursuant to

28 U.S.C. §1631, it is hereby ORDERED and DECREED that the instant action and the Court

record is hereby transferred to the United States District Court For Guam. Defendants shall have

twenty (20) days from the date that the suit is entered on the docket in Guam to file a Response

to Plaintiffs' Complaint. Designated counsel for Plaintiffs in Guam will be Wayson Wong,

Esquire. Designated counsel for Defendant, will be Thomas C. Sterling, Esquire. Counsel will

have ten (10) days from date of docketing of the Complaint to file an Entry of Appearance on

behalf of their clients.

4-24-03
Copies to:
D. Davis.
L. Lipson
P. Tran

BY THE COURT:

_____
                           J.

LUAN Q. TRINH and CHI LUONG,  CIVIL ACTION NO. 02-9105
h/w

~~FILED~~

            v.                                 CIVIL DIVISION

                                 PR 2 2 2003

MARYFE A. CULIAT and
FELY A. CULIAT

MICHAEL E. KUN..., ...rk
Dep. Clerk
By

## JOINT MOTION TO TRANSFER ACTION TO
## THE UNITED STATES DISTRICT COURT FOR GUAM BY
## REASON OF LACK OF PERSONAL JURISDICTION PURSUANT TO
## 28 U.S.C. §1631 ET SEQ.

1. This is a Joint Motion To Transfer the above-captioned matter to the United States

District Court For Guam pursuant to 28 U.S.C. §1631 et seq. on the basis of lack of personal

jurisdiction pursuant to Fed. R.Civ. P.(4)(e).

2. The instant suit arises out of a motor vehicle accident which occurred in the United

States territory of Guam on or about December 24, 2000 in Dededo, Guam near the entrance to

the Micronesian Mall.

3. At the time of the accident, the Plaintiff, Luan Trinh was a permanent resident of the

United States and a visitor to Guam from the State of New Jersey, who was operating a motor

vehicle which was allegedly struck by a vehicle operated by and owned by Defendants, Maryfe

A. Culiat and Fely A. Culiat, both of whom are citizens of the United States, Territory of Guam..

4. The Plaintiffs filed the instant Complaint in the United States District Court naming as

Defendants, Maryfe A. Culiat and Fely A. Culiat. Service of the Complaint was made solely on

Defendant, Maryfe A. Culiat in Honolulu, Hawaii on February 7, 2003.

5. The Defendant, Maryfe A. Culiat had never visited the Commonwealth of

Pennsylvania, had never been domiciled in the Commonwealth of Pennsylvania, had never

visited the Commonwealth of Pennsylvania, had never transacted any business in the

Commonwealth of Pennsylvania and had no contacts in the Commonwealth of Pennsylvania

which would permit the United States District Court to exercise personal jurisdiction, either

specifically or generally over the Defendant, Maryfe A. Culiat (see Affidavit of Maryfe A. Culiat

attached hereto as Exhibit "A").

     6. Counsel for both Plaintiff and Defendant agree and stipulate that there are no minimal

contacts which would allow the United States District Court For The Eastern District Of

Pennsylvania to retain personal jurisdiction over the Defendant, Maryfe A. Culiat.

     7. Both counsel for Plaintiff and counsel for Defendant aver that the instant action

should be transferred to the United States District Court For Guam pursuant to 28 U.S.C. §1631

et seq. provides inter alia as follows:

> "Whenever a Civil Action is filed in a [f]ederal court...and that
> court finds that there is one of jurisdiction, the court shall, if it is in
> the interest of justice, transfer such action or appeal to any other
> such court in which the action or appeal could have brought at the
> time it was filed or noticed and the action shall proceed as if it had
> been filed in or noticed for the court to which it is transferred on
> the date upon it was actually filed in or noticed for the court from
> which it is transferred."

     8. Recent cases decided in the United States District Court For The Eastern Of

Pennsylvania, notably, <u>Mark H. Gallant, Administrator of the Estate of William Ash Gallant,

Deceased v. Trustees of Columbia University In The City Of New York, Defendant,</u>. 111 Fed.

Supplemental 2d Series 638 (Eastern District of PA.) and <u>Stamford Holding Company, Plaintiff

v. Maureen Clark, Christopher Plummer, New England Equity, Inc., Charles J. Irving, Esquire,

Ramona E. DeSalvo, Esquire and Merrill, Lynch, Pierce, Fenner & Smith, Inc., Defendants</u>, have

held that where justice requires it, a transfer of the case should be made to the proper United

-3-

States District Court where the District Court in which the action was initially filed lacks personal jurisdiction over the Defendants.

9. Counsel for both parties agree that the case should be transferred to Guam rather than dismissed, since the filing of an original Complaint in the United States District Court For Guam would be barred by the two year statute of limitations in Guam which has run. Both counsel for Plaintiff and counsel for Defendant agree that the instant action should be transferred to the United States District Court For Guam pursuant to 28 U.S.C. §1631 et seq.

WHEREFORE, it is respectfully requested that this Court issue the Order attached hereto, transferring the above-captioned case to the United States District Court For Guam.

Respectfully submitted,

MARGOLIS EDELSTEIN

By: _____
DONALD M. DAVIS, Esquire
LEONARD S. LIPSON, Esquire
Attorneys for Defendant,
Maryfe A. Culiat
I.D. No. 16147
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(215)-931-5829


TRAN & TRAN, P.C.

By: _____
PHONG N. TRAN, Esquire
Attorney for Plaintiffs
107 Fairway Terrace
Mount Laurel, New Jersey 08054
(856)-722-1100

-4-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH and CHI LUONG, :      CIVIL ACTION NO. 02-9105
h/w



CIVIL DIVISION

v.

MARYFE A. CULIAT and
FELY A. CULIAT

F I L E D

APR 2 2 2003

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO TRANSFER THE INSTANT ACTION TO THE
### UNITED STATES DISTRICT COURT FOR GUAM

### I. STATEMENT OF FACTS:

This case arises out of a motor vehicle accident which occurred in the United States Territory of Guam on December 24, 2000. The Plaintiff, Luan Q. Trinh, who is a resident of the Commonwealth of Pennsylvania, alleges in the Complaint that he was operating a vehicle which was struck by a vehicle operated by Defendant, Maryfe A. Culiat and owned by the Defendant, Fely A. Culiat. Subsequently on December 16, 2002, the instant suit was filed in the United States District Court For The Eastern District Of Pennsylvania on behalf of Luan Q. Trinh and Chi Luong, husband and wife against Maryfe A. Culiat and Fely A. Culiat. The suit was subsequently served on Maryfe A. Culiat in Honolulu, Hawaii on February 7, 2003.

The Defendant, Maryfe A. Culiat has never been a resident of the Commonwealth of Pennsylvania, has never been in the Commonwealth of Pennsylvania and has never owned any property in the Commonwealth of Pennsylvania and has never transacted any business in the Commonwealth of Pennsylvania. The accident occurred in Gaum and all of the Plaintiff's injuries were sustained in Guam and no injuries were sustained in the Commonwealth of Pennsylvania.

Both counsel for Defendant and counsel for Plaintiff agree that there is no

-5-

evidence whatsoever in this case which would support a conclusion that there were sufficient minimal contacts as required either under 42 PA. C.S. §1530.01 et seq. or 42 PA. C.S. §5322 (2002) therefore this Court lacks inpersona jurisdiction over the Defendant pursuant to F. R. Civ. P(4)(e).

In view of the fact that no jurisdiction exists over the person of Defendant, Maryfe A. Culiat, counsel for both Plaintiffs and Defendants agree that in the interests of justice, the instant suit should be transferred to the United States District Court For Guam, which is the appropriate venue in this matter.

## II. **LEGAL ARGUMENT:**

Personal jurisdiction over a non-resident Defendant where suit is brought in the United States District Court will depend on whether or not the Defendant has such minimal contacts as set forth in the "long arm statutes" of the Court of the general jurisdiction.

Fed. R. Civ. P(4)(2) provides as follows:

> **"(e) Service Upon Individuals Within the Jurisdictional District of the United States:**
>
> Unless otherwise provided by Federal law, service upon an individual from whom a waiver has not been obtained and filed other than an infant or an incompetent person may be affected in any judicial district of the United States:
>
> (1) Pursuant to the law of the state in which the District Court is located, or in which service is effected for the service of a summons upon the Defendant in an action brought in the Courts of general jurisdiction."

The criteria for jurisdiction over the person of the Defendant who is a non-resident must be determined pursuant to 42 PA. C.S.A. §5301 which provides as follows:

> **"(a) General Rule:**
>
> The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis for jurisdiction to enable the tribunals of this Commonwealth to

-6-

exercise general personal jurisdiction over such person or his personal representative in the case of the individual and to enable such tribunals to render personal orders against such person or representative:

> (1) Individual:
>
>> (i) Presence in this Commonwealth at the time when the process is served;
>>
>> (ii) Domicile in this Commonwealth at the time when process is served;
>>
>> (iii) Consent to the extent authorized by consent.

In addition there is insufficient evidence to establish that the Defendant performed any activities identified as minimal contacts pursuant to 42 PA. C.S. §5322 (a)(1 through 10).

Both counsel for Defendant and counsel for Plaintiff agree that there is no evidence to support such sufficient minimal contacts which would support such jurisdiction to enable the tribunals of the Commonwealth of Pennsylvania to exercise general personal jurisdiction over the Defendant, Maryfe A. Culiat.

In the interest of justice, the case should be transferred from the Untied States District Court For The Eastern District Of Pennsylvania to the United States District Court For Guam, which is the proper venue for this case pursuant to 28 U.S.C. §1631 which provides as follows:

> "Whenever a Civil Action is filed in a [f]ederal court...and that Court finds that there is a want of jurisdiction, the Court shall, if it is in the interests of justice, transfer such action or appeal to any other such Court in which the action or appeal could have been brought at the time it was filed or noticed and the action shall proceed as if it had been filed in or noticed for the Court to which it is transferred on the date upon it was actually filed in or noticed for the Court from which it is transferred."

The Court's attention is directed to the recent case of <u>Mark H. Gallant, Administrator of the Estate of William Ash Gallant, Deceased, Plaintiff v. Trustees of Columbia University In</u>

The City Of New York, Defendant, 111 Federal Supplement 2d 638 decided on September 2, 2000. In this case, Plaintiff's decedent had surgery performed in New York at Columbia Hospital and subsequently died. The Administrator brought a wrongful death and survival action in the Court of Common Pleas of Philadelphia which was subsequently removed to the United States District Court For The Eastern District Of Pennsylvania. The United States District Court For The Eastern District Of Pennsylvania fully reviewed all of the evidence and determined that there were insufficient minimal contacts for the Court to exercise jurisdiction over the Defendant, Columbia Hospital (Trustees of Columbia University In The City Of New York).

The Court then looked to 28 U.S.C. §1631 which indicates that where there is a want of jurisdiction, the Court shall if it is in the interests of justice, transfer the action to any other Court in which the action could have been brought. The Court held that lack of jurisdiction applied to lack of personal jurisdiction as well as subject matter jurisdiction.

That Court's ruling that 28 U.S.C. §1631 provides for transfer based on lack of personal jurisdiction is cited in the recent Memorandum Opinion of Judge Robert F. Kelly, Senior, Stamford Holding Company, Plaintiff v. Maureen Clark, Christopher Plummer, New England Equity, Inc., Charles J. Irving, Esquire, Ramona E. DeSalvo, Esquire and Merrill, Lynch, Pierce, Fenner & Smith, Inc., Defendants, No. CIV. A. 02-269 which notes: "If this Court lacks jurisdiction, transfer would be appropriate under 28 U.S.C. §1631 which: "Directs that a Court which lacks jurisdiction "shall" transfer an action if that is in the interest of justice."

In the Gallant case, the Court noted that if the suit was dismissed rather than transferred, Plaintiff's action might be barred by a two year statute of limitations. The Court stated: "While the Court makes no comment as to which law the transferee Court could apply, it notes that two years have passed since Williams death and Pennsylvania imposes a two year statute of limitations for negligent actions..." Thus, it is possible that, were the action to be

-8-

dismissed rather than transferred, the Plaintiff would be barred from bringing his claim in another forum. Transfer to the Southern District Of New York is in the interest of justice. <u>Mark H. Gallant, Administrator of the Estate of William Ash Gallant, Deceased, Plaintiff v. Trustees of Columbia University In The City Of New York, Defendant,</u> cited supra at Page 648.

In the instant case, if the case was dismissed, a new suit instituted in Guam would face the bar of the two year statute of limitations.

Unquestionably, the United States District Court For Guam is the appropriate venue. Since the accident occurred in Guam, numerous potential witnesses would be located in Guam and the Defendants can appear in Guam to defend the case and appear at trial.

For the reasons set forth above, it is respectfully requested by counsel for Plaintiffs and counsel for Defendants that the instant case be transferred pursuant to 28 U.S.C. §1631 to the United States District Court For Guam.

Respectfully submitted,

MARGOLIS EDELSTEIN

By:_____
DONALD M. DAVIS, Esquire
LEONARD S. LIPSON, Esquire
Attorneys for Defendant,
Maryfe A. Culiat
I.D. No. 16147
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA   19106-3304
(215)-931-5829

TRAN & TRAN, P.C.

By:_____
PHONG N. TRAN, Esquire
Attorney for Plaintiffs
107 Fairway Terrace
Mount Laurel, New Jersey 08054
(856)-722-1100

A - STATE LEGAL   830-225-013

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSLVANIA

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, Husband and Wife, 2518 Lee Street Philadelphia PA 19125, U.S.A., ) ) ) ) ) | CIVIL DIVISION |
| Plaintiffs, ) ) | DOCKET NO.: 02-9105  Civil Action |
| vs. ) ) ) | |
| MARYFE A. CULIAT and FELY A.CULIAT Agat, Guam, Territory of Guam, ) ) ) ) | **AFFIDAVIT OF MARYFE A. CULIAT** |
| Defendants. ) | |

**STATE OF HAWAII** )
                    ) ss:
**CITY OF HONOLULU** )

I, **MARYFE A. CULIAT**, being first duly sworn do state that:

1.   I have personal knowledge of all matters set forth in this Affidavit and if called to testify as to said matters, I could and would competently do so.

2.   I am 18 years old and presently reside in Honolulu, Hawaii where I am attending the University of Hawaii.

3.   I always lived in Guam until August 2002 when I moved to Hawaii.  I have never been to the State of Pennsylvania.

4. The only job I have ever had is the job I have now which is tutoring elementary school children. I have never done any business of any type whatsoever in the State of Pennsylvania.

Further affiant sayeth naught.

DATED: _____march 19_____, 2003          _M Culiat_ _____

**MARYFE A. CULIAT**

**SUBSCRIBED AND SWORN** to before me this __19th__ day of March, 2003, by **MARYFE A. CULIAT**.

_Christie Juy_          Christie Taniguchi

*(official signature and seal of notary)*

L.S.

my commission exp. 8-15-2003

- 2 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH and CHI LUONG,     :     CIVIL ACTION NO. 02-9105
h/w

    :     CIVIL DIVISION

       v.       **FILED**

MARYFE A. CULIAT and     APR 2 2 2003
FELY A. CULIAT

MICHAEL E. KUNZ, Clerk

by _____ Dep. Clerk

## CERTIFICATION OF NO CONTEST

It is hereby certified by counsel for Plaintiffs and counsel for Defendant that this

matter is uncontested, that it is a Joint Motion and that all factual allegations are stipulated to.

Respectfully submitted,

MARGOLIS EDELSTEIN

By: _____

    DONALD M. DAVIS, Esquire
    LEONARD S. LIPSON, Esquire
    Attorneys for Defendant,
    Maryfe A. Culiat
    I.D. No. 16147
    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA   19106-3304
    (215)-931-5829

TRAN & TRAN, P.C.

By: _____

    PHONG N. TRAN, Esquire
    107 Fairway Terrace
    Mount Laurel, New Jersey 08054
    (856)-722-1100



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH and CHI LUONG,   :   **CIVIL ACTION NO. 02-9105**
h/w

                        :   **CIVIL DIVISION**

        v.

                        :

**MARYFE A. CULIAT and**
**FELY A. CULIAT**           :

**F I L E D**

APR 2 2 2003

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ENTRY OF APPEARANCE

**TO THE DISTRICT COURT CLERK:**

        Kindly enter my appearance on behalf of Defendant, Maryfe A. Culiat in the

above-captioned matter.

                                MARGOLIS EDELSTEIN

                                By:_____

                                    DONALD M. DAVIS Esquire
                                    Attorney for Defendant,
                                    Maryfe A. Culiat
                                    I.D. No. 16147
                                    The Curtis Center, Fourth Floor
                                    Independence Square West
                                    Philadelphia, PA   19106-3304
                                    (215)-931-5829

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUAN Q. TRINH<br><br>CHI LUONG, HUSBAND AND WIFE<br><br>   v.<br><br>MARYFE A. CULIAT<br><br>FELY A. CULIAT | CIVIL ACTION NO. 02-9105<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>*MARyfe A. Colint*<br>*1825 East West Road*<br>*Honolulu, HI 96822* |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

PHONG N. TRAN, ESQ.
107 FAIRWAY TERRACE
MOUNT LAUREL, NJ 08054

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: December 17, 2002 |
|---|---|

(By) Deputy Clerk

Inna Yukhananov

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Luan Q. Trinh and Chi Luong, Husband
and Wife

Plaintiff

-vs-

Maryfe A. Culiat, Fely A. Culiat

Defendant

)
)
)
)
)
)
)
)

02-9105
AFFIDAVIT OF PERSONAL SERVICE

Summons, Complaint, Notice of Right to Consent to
Exercise of Jurisdiction by a United State Magistrate
Judge, Civil Cover Sheet, Appendix A - C

Received by Serve-em.com, Inc. on February 5, 2003 at 10:55 AM to be served on Maryfe A Culiat, .

I, Eric Schroder, who being duly sworn, depose and say that on February 27, 2003 at 2:57 PM , I:

Individually Served the within named person by delivering a true copy of the Summons, Complaint, Notice
of Right to Consent to Exercise of Jurisdiction by a United State Magistrate Judge, Civil Cover Sheet,
Appendix A - C with the date and hour endorsed thereon by me, to Maryfe A Culiat at 1825 East West Rd
Honolulu, HI 96822.

I am over the age of 18 and have no interest in the above action, and am authorized to serve process in
the jurisdiction in which it was served.

*E ~ S ~*

Eric Schroder
Serve-em.com, Inc.
800.737.8336
Job Serial Number: 2003018989
Reference: 02-9105

**serve-em.com**

FILED

APR 1 8 2003

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

State of:
County of:
Subscribed and sworn to before me,

NOTARY PUBLIC

Subscribed and sworn to before me this
3RD day of *March* 20 03

*Tommy A. LoH)*

Notary Public, State of Hawaii

My commission expires 1-9-03

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH and CHI LUONG,  :    CIVIL ACTION NO. 02-9105
h/w

       v.    :    CIVIL DIVISION

MARYFE A. CULIAT and
FELY A. CULIAT        :

RECEIVED MAR 19 2003

FILED MAR 24 2003

### STIPULATION FOR EXTENSION OF TIME
### PURSUANT TO LOCAL EASTERN DISTRICT RULE 7.4(b)(2)

It is hereby stipulated by and between Leonard S. Lipson, Esquire, counsel for

Defendant, Maryfe A. Culiat and Phong N. Tran, Esquire, counsel for Plaintiffs, Luan Q. Trinh

and Chi Luong, that the Defendants are permitted an extension of time of thirty (30) days from

March 19, 2003 within which to file any Answer, or otherwise respond to the Plaintiffs'

Complaint. Said extension of time is to terminate on April 18, 2003.

MARGOLIS EDELSTEIN

By: _____
    LEONARD S. LIPSON, Esquire
    Attorney for Defendant,
    Maryfe A. Culiat
    I.D. No. 16147
    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA   19106-3304
    (215)-931-5829

TRAN & TRAN, P.C.

By: _____
    PHONG N. TRAN, Esquire
    Attorney for Plaintiff
    I.D. No. 58373
    107 Fairway Terrace
    Mount Laurel, New Jersey 08054
    (856)-722-1100

*Approved, 3/24/03*

*John P. Fullam*   *J.*

*3-25-03*
*Copies to:*
*P. Tran*
*L. Lipson*

*12/17/02*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH AND CHI LUONG,     :   CIVIL ACTION
HUSBAND AND WIFE                 :
                                 :
        V.                       :
                                 :
MARYFE A. CULIAT AND FELY A.     :   NO. 02-9105
CULIAT

**FILED**

ENTRY OF APPEARANCE
AND JURY TRIAL DEMAND

By MICHAEL E. KUNZ, Clerk
Dep. Clerk

2003

TO THE DISTRICT COURT CLERK

        Please enter our appearance on behalf of the

Defendants, Maryfe A. Culiat and Fely A. Culiat, in the above

captioned case.

        Defendants, Maryfe A. Culiat and Fely A. Culiat, demand

a jury trial in the above case. Jury of twelve, with alternates

demanded.

                        MARGOLIS EDELSTEIN

                BY:     _Leonard S. Lipson_____
                        LEONARD S. LIPSON, ESQUIRE
                        Attorney for Defendants, Maryfe A.
                        Culiat and Fely A. Culiat
                        I.D. No. 16147
                        The Curtis Center - Fourth Floor
                        Independence Square West
                        Philadelphia, PA 19106-3304
                        (215) 922-1100



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUAN Q. TRINH and CHI LUONG,      :      CIVIL ACTION NO. 02-9105
h/w

            :      CIVIL DIVISION

       v.

            :

MARYFE A. CULIAT and
FELY A. CULIAT             :

**FILED**

By **MICHAEL E. KUNZ**, Clerk
Dep. Clerk

## ENTRY OF APPEARANCE
## AND JURY TRIAL DEMAND

**TO THE DISTRICT COURT CLERK:**

       Kindly enter my appearance on behalf of Defendant, Maryfe A. Culiat in the

above-captioned matter.

       Defendant, Maryfe Culiat, demands a jury trial in the above-captioned matter. A

jury of twelve, with alternates is demanded.

                             MARGOLIS EDELSTEIN

                             By:_____
                                  LEONARD S. LIPSON, Esquire
                                  Attorney for Defendant,
                                  Maryfe A. Culiat
                                  I.D. No. 16147
                                  The Curtis Center, Fourth Floor
                                  Independence Square West
                                  Philadelphia, PA   19106-3304
                                  (215)-931-5829

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Phong N. Tran, Esquire, ID #58373**
**TRAN & TRAN, P.C.**
**107 Fairway Terrace**
**Mount Laurel, New Jersey 08054**
**United States of America**
**(856) 722-1100**
**(856) 787-0267 Fax**
**Email: tntpclaw@aol.com**

**Attorneys for Plaintiffs**

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, Husband and Wife, 2518 Lee Street Philadelphia PA 19125,U.S.A., | : CIVIL DIVISION |
| Plaintiffs, | : DOCKET NO.: 02 - 9105 |
| v. | : Civil Action |
| MARYFE A. CULIAT and FELY A. CULIAT Agat, Guam, Territory of Guam | : **COMPLAINT** |
| Defendants. | : **JURY TRIAL DEMANDED** |

Plaintiff, Luan Q. Trinh and Chi Luong, his wife, who maintain a residence in the United States of America, Commonwealth of Pennsylvania at 2518 Lee Street, Philadelphia 19125, by and through his attorney, Phong N. Tran, complains of the defendant as follows:

1.   A)   At all times relevant hereto, Guam is a United States Territory located in Asia.

   B)   Jurisdiction of the Court is based on diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a), with amount in controversy alleged to be above $75,000.00.

2.   At all times relevant hereto, Defendant, Maryfe A. Culiat is an individual and a resident of Guam and a citizen of the United States and a student residing in the United States Territory of Guam, in the city/town/district known as Agat.

3.  At all times relevant hereto, Defendant Fely A. Culiat is an individual and resident of Guam and a citizen of the United States residing in the United States Territory of Guam, in the city/town/district known as Agat

4.  At all times relevant hereto, Luan Trinh was a permanent resident of the United States and a visitor to Guam from the State of New Jersey, United States of America and the permitted driver of a 1996 Nissan Sentra, registered in Guam, under License Plate #AGT3970; VIN #3N1AB41DXTL010357, and owned and insured by Dai V. Nguyen (hereinafter "Vehicle 1"). Presently, both plaintiffs are residents of the Commonwealth of Pennsylvania residing at 2518 Lee Street, Philadelphia, PA 19125, USA.

5.  At all times relevant thereto, Defendant, Maryfe A. Culiat was the driver of a 1989 Oldsmobile Ciera owned by Fely A. Culiat, and registered in Guam under License Plate #ORKDLVR, VIN #2G3AN151WXK2400500 (hereinafter "Vehicle 2").

## COUNT I

6.  On information and belief on or about December 24, 2000, Plaintiff, Luan Q. Trinh was operating "Vehicle 1" on the outer most lane of Route 16 northbound in Pepedo or Pedero, Guam near an entrance to the Micronesia Mall .

7.  On or about the same time, Defendant, Maryfe A. Culiat was operating Vehicle 2 eastbound on the median lane of the exit road from the Micronesia Mall west entrance onto Route 16 at the same location where the two roads form a T intersection.

8.  While Vehicle 1 proceeded north on Route 16 at the same time and place, Vehicle 2 made a left turn into the path of Vehicle 1 and collided with Vehicle 1 as Vehicle 2 attempted to reenter the Micronesia Mall west entrance from its exit eastbound side.

9.  Defendant failed to observe the oncoming traffic and to yield to plaintiff's vehicle and was issued a failure to yield summons by the Guam Police Department.

10. The aforesaid described accident resulted in serious personal injuries to the Plaintiff, Luan

Page 2 of 5

Q. Trinh.

11. The accident was solely caused by the negligence, recklessness and carelessness of defendant, Maryfe A. Culiat and was in no way caused by any act or failure to act on the part of plaintiff.

12. As a result of the accident, plaintiff has suffered damages, past, present, and future, which are in excess of $100,000.00

WHEREFORE, Plaintiff, Luan Q. Trinh demands judgment against Defendant, Maryfe A. Culiat for compensatory damages, including past and future pain and suffering; past and future medical expenses; emotional distress and anxiety; past and future miscellaneous expenses; as well as pre and post judgment interest, costs of suit, attorney's fees and such other relief as the Court deems appropriate.

## COUNT II

13. Plaintiff hereby incorporates paragraphs 1- 12 herein as though fully set forth at length.

14. At all times relevant thereto, Defendant, Fely A. Culiat, was the owner and insurer of the 1989 Oldsmobile Ciera operated by Defendant, Maryfe A. Culiat.

15. On information and belief, the negligence, recklessness and carelessness of defendant, Fely A. Culiat, includes, but is not limited to, the following:

    a. Entrusting Vehicle 2 to defendant Maryfe A. Culiat and permitting her to operate the vehicle when he/she knew or should have known that defendant Maryfe A. Culiat:

        1. Would operate Vehicle 2 in a careless, reckless and negligent manner with no regard for the safety of other vehicles on the roadway;

        2. Otherwise should not have been entrusted to drive Vehicle 2.

    b. Was owner of Vehicle 2 or otherwise master, principal, employer, or partner of defendant, Maryfe A. Culiat, who was operating Vehicle 2

Page 3 of 5

during the course of employment, or for the benefit of, or in furtherance of the interest of defendant Fely A. Culiat

16. Defendant, Fely A. Culiat did allow the Defendant, Maryfe A. Culiat to operate his or her motor vehicle and which caused the aforesaid accident to occur.

WHEREFORE, Plaintiff, Luan Q. Trinh demands judgment against Defendants, Fely A. Culiat and Maryfe A. Culiat, individually, jointly, severally, and in the alternative for compensatory damages, including past and future pain and suffering; past and future medical expenses; emotional distress and anxiety; past and future miscellaneous expenses; as well as pre and post judgment interest, costs of suit, attorney's fees and such other relief as the Court deems appropriate.

## COUNT III

17. Plaintiff, Chi Luong, incorporates herein each and every allegations from the prior counts in this Complaint as if set forth in full length herein.

18. As a result of the aforesaid accident and the negligence and carelessness and recklessness of defendants, plaintiff, Chi Luong has been deprived of the society, companionship services and consortium of her husband, plaintiff, Luan Q. Trinh, herein and may be deprived of same for an indefinite time in the future.

WHEREFORE, Plaintiff, Chi Luong demands judgment against all defendants individually, jointly, severally, and in the alternative for all compensatory money damages, including her pain and suffering past and future, her personal injuries; past and future, medical expenses and loss of earnings and earning potential emotional distress; and her past and future miscellaneous expenses related to the accident plus post judgment interests, costs of suit, attorneys fees and any other relief the court deems appropriate.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiff hereby demands pursuant to the Federal Rules of Civil Procedures that the defendant(s) produce the following document at plaintiff's counsel's office located at 107 Fairway Terrace, Mount Laurel, New Jersey 08054 within thirty days:

Page 4 of 5

1

2    1.    Copy of the declaration sheets of all defendant(s) liability and excess insurance policies in

3          effect at the time of this accident for the automobile and the defendants involved in the

4          accident of December 24, 2000.

5    2.    Copy of the entire investigative file as well as copy of the entire first party benefit file, as

6          well as copy of the entire property damage file, as well as copy of all statements and

7          transcripts of any kind given by defendant, plaintiff, or any witnesses to anyone else

8          including any representative, employee, or agent of any insurance carrier or counsel of any

9          party.

10

11                      **DESIGNATION OF TRIAL COUNSEL**

12   Phong N. Tran, Esquire is hereby designated as trial counsel for plaintiffs in the above matter.

13                               **JURY DEMAND**

14   Plaintiff hereby demands trial by jury as to all issues in the above captioned matter.

15                               **TRAN & TRAN, P.C.**

16

17   By:

18                                    Phong N. Tran, Esquire, ID #58373
                                      Attorney for Plaintiffs,
     Dated:  December 10, 2002         Luan Q. Trinh and Chi Luong
19                                    Member of the Bars of New Jersey, Pennsylvania,
                                      Delaware, District of Columbia, Ed.Pa.District Ct.
20                                    NJ.Dist.Ct., Del.Dist.Ct., 3$^{rd.Cir}$.

21   H:\PLEADINGS\PIA-0431 - TRINH, Luan - Complaint US district court Eastern PA.wpd

22

23

24

25

26

27

28

                               Page 5 of 5

**ARBITRATION, CLOSED**

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:02-cv-09105-JPF
### Internal Use Only

TRINH et al v. CULIAT et al
Assigned to: HONORABLE JOHN P. FULLAM
Referred to:                                                    Date Filed: 12/17/02
Demand: $                                                       Jury Demand: Plaintiff
Lead Docket: None                                               Nature of Suit: 350 Motor Vehicle
Related Cases: None                                             Jurisdiction: Diversity
Case in other court: None
Cause: 28:1332 Diversity-Motor Vehicle Product Liability


**Plaintiff**
----------------------

**LUAN Q. TRINH**                          represented by   **PHONG N. TRAN**
                                                            107 FAIRWAY TERRACE
                                                            MOUNT LAUREL, NJ 08054
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


**CHI LUONG,** *HUSBAND AND WIFE*          represented by   **PHONG N. TRAN**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*


V.


**Defendant**
----------------------

**MARYFE A. CULIAT**                       represented by   **DONALD M. DAVIS**
                                                            MARGOLIS EDELSTEIN
                                                            THE CURTIS CTR 4TH FL
                                                            INDEPENDENCE SQ WEST
                                                            PHILA, PA 19106-3304
                                                            215-931-5813
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **LEONARD S. LIPSON**
                                                            MARGOLIS EDELSTEIN
                                                            THE CURTIS CENTER, FOURTH
                                                            FLOOR
                                                            INDEPENDENCE SQUARE WEST
                                                            PHILADELPHIA, PA 19106-3304
                                                            215-931-5829
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 5/22/03

ATTEST: *Terry DePasquale*

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case 1:03-cv-00017     Document 1     Filed 06/05/2003     Page 25 of 28



**FELY A. CULIAT**                              represented by   **LEONARD S. LIPSON**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 12/17/2002 | 1 | COMPLAINT against FELY A. CULIAT, MARYFE A. CULIAT ( Filing fee $ 150 receipt number 810494.), filed by CHI LUONG, LUAN Q. TRINH.(iy, ) Additional attachment(s) added on 12/26/2002 (fh, ). (Entered: 12/18/2002) |
| 12/17/2002 | | Summons Issued as to FELY A. CULIAT, MARYFE A. CULIAT; 2 mailed to counsel on 12/18/02 (iy, ) Modified on 5/12/2003 (iy, ). (Entered: 12/18/2002) |
| 12/17/2002 | | DEMAND for Trial by Jury by CHI LUONG, LUAN Q. TRINH. (iy, ) (Entered: 12/18/2002) |
| 12/17/2002 | | ***Set/Clear FlagsSet Flag ARBITRATION CASE MANAGEMENT TRACK. (iy, ) (Entered: 12/18/2002) |
| 03/19/2003 | 2 | NOTICE of Appearance by LEONARD S. LIPSON on behalf of MARYFE A. CULIAT with Jury Demand (tj, ) Modified on 3/19/2003 (tj, ). (Entered: 03/19/2003) |
| 03/19/2003 | 3 | NOTICE of Appearance by LEONARD S. LIPSON on behalf of FELY A. CULIAT, MARYFE A. CULIAT with Jury Demand (tj, ) (Entered: 03/19/2003) |
| 03/24/2003 | 4 | STIPULATION AND ORDER THAT DEFTS ARE PERMITTED AN EXTENSION OF TIME OF 30 DAYS FROM 3/19/03 WITHIN WHICH TO FILE ANY ANSWER, OR OTHERWISE RESPOND TO PLFFS' COMPLAINT. SAID EXTENSION OF TIME IS TO TERMINATE ON 4/18/2003. SIGNED BY JUDGE JOHN P. FULLAM ON 3/24/03. 3/25/03 ENTERED AND COPIES MAILED.(kw, ) (Entered: 03/25/2003) |
| 04/04/2003 | | Letter to Attorney LEONARD S. LIPSON re: L.R. 83.5. (tj, ) (Entered: 04/04/2003) |
| 04/18/2003 | 5 | SUMMONS Returned Executed by Eric Schroder, re: served Summons and Complaint upon DEFT MARYFE A. CULIAT. Served by personal service on 2/27/2003, answer due 3/19/2003. (kw, ) (Entered: 04/18/2003) |
| 04/22/2003 | 6 | NOTICE of Appearance by DONALD M. DAVIS,ESQ. on behalf of DEFT MARYFE A. CULIAT. (kw, ) (Entered: 04/22/2003) |

**Case 1:03-cv-00017     Document 1     Filed 06/05/2003     Page 26 of 28**

| 04/22/2003 | 7 | JOINT MOTION BY FELY A. CULIAT, MARYFE A. CULIAT, CHI LUONG, LUAN Q. TRINH TO TRANSFER ACTION TO THE U.S.D.C. FOR GUAM BY REASON OF LACK OF PERSONAL JURISDICTION PURSUANT TO 28 U.S.C. SEC. 1631 ET SEQ., MEMORANDUM, CERTIFICATE OF COUNSEL.(kw, ) Additional attachment(s) added on 5/14/2003 (cl, ). Additional attachment(s) added on 5/14/2003 (cl, ). (Entered: 04/22/2003) |
|---|---|---|
| 04/24/2003 | 8 | ORDER THAT THE INSTANT ACTION & THE COURT RECORD IS HEREBY TRANSFERRED TO THE U.S.D.C. FOR GUAM. DEFTS SHALL HAVE 20 DAYS FROM THE DATE THAT THE SUIT IS ENTERED ON THE DOCKET IN GUAM TO FILE A RESPONSE TO PLFFS' COMPLAINT, ETC. SIGNED BY JUDGE JOHN P. FULLAM ON 4/24/03.4/24/03 ENTERED AND COPIES MAILED. (kw, ) (Entered: 04/24/2003) |
| 04/24/2003 | | ***Deadlines terminated., ***Documents terminated (kw, ) (Entered: 04/24/2003) |
| 04/24/2003 | | ***Civil Case Terminated. (kv, ) (Entered: 04/25/2003) |
| 05/22/2003 | | Original record together with certified copy of docket entries forwarded to District of Guam. (td) (Entered: 05/22/2003) |

Case 1:03-cv-00017    Document 1    Filed 06/05/2003    Page 27 of 28

● ●

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### US COURTHOUSE
### 601 MARKET STREET
### PHILADELPHIA, PA 19106-1797

**MICHAEL E. KUNZ**
CLERK OF COURT

May 22, 2003

CLERK'S OFFICE
ROOM 2609
TELEPHONE
215) 597-

U.S. DISTRICT COURT
DISTRICT OF GUAM
MARY LOU MICHELS MORAN, CLERK
UNITED STATES COURTHOUSE
FOURTH FLOOR
HAGATNA, GU 96910

RE:    Trinh vs. Culiat
       Civil Action No. 02-9105

Dear Clerk:

       We herewith enclose the original record, together with a certified copy of the docket entries, in the above-captioned case which has been transferred to your District pursuant to order of Judge John P. Fullam filed 4/24/03.

       Kindly acknowledge receipt on the copy of the letter provided.

                              Very truly yours,

                              MICHAEL E. KUNZ
                              Clerk of Court

                              By: *Theresa DePasquale*
                              Theresa DePasquale  , Deputy Clerk

cc:    P. Tran, Esq.
       D. Davis, Esq.
       L. Lipson, Esq.

Received above material or record file this      day of        , 20  .

Signature: _____

Date: JUN -5 2003

**RECEIVED**
JUN -5 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

civ625.frm

CV-03-00017