Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiffs



FILED
DISTRICT COURT OF GUAM
MAR - 4 2005
MARY L.M. MORAN
CLERK OF COURT



IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>　　　　　Defendants. | Civil Case No. 03-00017<br><br>PLAINTIFF'S EX PARTE MOTION TO EXTEND SCHEDULING ORDER DEADLINES; MEMORANDUM IN SUPPORT OF MOTION; EXHIBIT "A" |

PLAINTIFF'S EX PARTE MOTION TO
EXTEND SCHEDULING ORDER DEADLINES

Plaintiff Laun Q. Trinh, by and through his attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, moves this Court, ex parte, for an order extending the previously entered into scheduling order deadlines for the trial date, motions cut off date and discovery completion deadline such that the new trial date is sometime in July 2005; the new motions cut off date is May 31, 2005; and the new discovery completion date is April 30, 2005.

ORIGINAL

Attorney Vincent Leon Guerrero has been opposing counsel for this case. He has been informed of this ex parte motion, agreed that it can be brought ex parte, and agreed to all of the extensions of time of the previous scheduling order deadlines that have been sought by this ex parte motion. It has been brought ex parte because there probably is not enough time to have it heard regularly before the presently scheduled March 29, 2005 trial date. Furthermore, since there is no opposition to it, it can be heard at the preliminary pretrial conference for this case presently scheduled for Tuesday, March 8, 2005, at 10:00 a.m.

This ex parte motion has been brought pursuant to L.R. 16.5 and L.R. 7.1(j) of the Civil Rules of the Local Rules of Practice of the District Court of Guam.

This ex parte motion is based on the record of this case and the documents attached.



Dated: Honolulu, Hawaii, March 3, 2005.

*[signature]*
Wayson W. S. Wong
Attorney for Plaintiffs

Plaintiff's Ex Parte Motion to Extend Scheduling Order Deadlines, Trinh, et al. v. Culiat, et al., District Court of Guam, Civil Case No. 03-00017

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>　　　　　Defendants. | Civil Case No. 03-00017<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Pursuant to the recently denied proposed Stipulation to Postpone Trial and Other Related Dates dated February 25, 2005, the parties jointly asked this Court to continue the March 29, 2005 trial date for this case to sometime in July 2005, to be able to complete critical discovery for the case in order for each side to be able to fully and fairly present their respective cases at trial. Such critical discovery includes the depositions of the plaintiff and the defendant and the plaintiff's treating health care providers. The plaintiff and his treating health care providers are in New Jersey. The defendant attends college in Hawaii. It has been very difficult to obtain dates for those depositions, consistent with the availability of the deponents and counsel involved. Finally, all of those depositions have been scheduled, but they are scheduled to take place in March and April 2005. Accordingly, the trial continuance was requested.

As indicated in the ex parte motion, Attorney Vincent Leon Guerrero has been opposing counsel for this case. He had joined with us in that stipulation. He has been informed of this ex parte motion, agreed that it can be brought ex parte, and as indicated, he has agreed to all of the extensions of time of the previous scheduling order deadlines that were sought in the stipulation and have been sought by this ex parte motion. It has been brought ex parte because there probably is not enough time to have it heard regularly before the presently scheduled March 29, 2005 trial date. Furthermore, since there is no opposition to it, it can be heard at the preliminary pretrial conference for this case presently scheduled for Tuesday, March 8, 2005, at 10:00 a.m.

In that stipulation, the parties sought to extend the discovery completion date to April 30, 2005, and extend the motions cut off date to May 31, 2005.

This case was scheduled to be tried in July 2004, but after the retirement of Judge John Unpingco, it was rescheduled for trial in January 2005. However, due to the apparent unavailability of any district court judge for the trial, it was rescheduled again until March 29, 2005. By mutual consent, counsel had hoped to conduct the depositions described earlier, but as indicated, calendar availability was a real problem.

On March 1, 2005, this Court properly denied our proposed Stipulation to Postpone Trial and Other Related Dates. The stipulation was short of showing the requirements to be met to extend deadlines established in a Scheduling Order, as set forth in L.R. 16.5 of the Civil Rules of the Local Rules of Practice of the District Court of Guam, which reads:

> A deadline established by a Scheduling Order will be extended only upon a good cause finding by the Court. In the absence of disabling circumstances, the deadline for completion of all discovery will not be extended unless there has been active discovery. Delayed discovery will

not justify an extension of discovery deadlines. A motion to extend the deadline in a Scheduling Order must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered Scheduling Order. The date for completion of discovery will be extended only if the remaining discovery is specifically described and scheduled, e.g., the names of each remaining deponent and the date, time and place of each remaining deposition. The Court, in its discretion, may order that the client consent in writing to any continuance proposed by counsel.

This memorandum supports the required Motion to Extend Deadlines in Scheduling Order.

In this case, there has been active discovery. The parties have exchanged answers to interrogatories and responded to requests for production of documents. As indicated, because the parties and the treating physicians involved have all been off Island, completing discovery has been very difficult.

Defendant Marife Culiat has been attending college in Hawaii. Despite efforts to take her deposition earlier and finally again in early January 2005, her deposition could not be taken consistent with the schedules of her and all counsel until March 22, 2005, at 10:00 a.m., in Hawaii, at Carnazzo Court Reporting in Honolulu, Hawaii.

Defendants have tried to obtain dates for the deposition of plaintiff's treating health care providers and for plaintiff, all of whom reside in New Jersey. Defendants have been seeking such dates over the last year. Defendants wanted to take them around the same time. It has been very difficult to obtain dates for the health care providers depositions, consistent with the schedule of counsel, over the last year. However, they finally were obtained as follows.

1. Dr. Sabel, March 31, 2005, at 9:30 a.m., at his office in New Jersey
2. Dr. Abrams, April 22, 2005, at 9:30 a.m., at his office in New Jersey

3. Plaintiff Luan Trinh, March 30, 2005, at 10:00 a.m., at plaintiff's counsel's office in New Jersey or at such other reasonable place defendants designate

We believe that under the facts and circumstances described, pursuant to L.R. 16.5, there is good cause to extend the trial date to sometime in July 2005, extend the discovery completion date to April 30, 2005, and extend the motions cut off date until May 31, 2005. We believe that there have been disabling circumstances causing the need for an extension of the discovery completion date.

The detailed proposed amendment to the previously entered Scheduling Order and Discovery Plan is attached as Exhibit "A" and entitled the Second Amended Scheduling Order and Discovery Plan.

We also believe the discovery completion date portion of L.R. 16.5 was written to address the circumstances where one party may be objecting to the extension of that date, and not under the circumstances where all parties are asking for such extension to present their full cases to this Court. Nevertheless, if this Court disagrees and is not inclined to formally extend the discovery completion date, we ask it to nevertheless extend the trial date and motions cut off date as indicated because there has been good grounds set forth for the extension of those, and that is the only requisite showing for the extension of those dates.

The parties sincerely want to present meaningful full cases before this Court for any trial. The best way we see in doing that is to request and obtain the extensions sought, or at least the extension of the trial date and motions cut off date. Accordingly, we respectfully request that our Ex Parte Motion to Extend Deadlines in Scheduling Order be granted.

Dated: Honolulu, Hawaii, March 3, 2005           .

                                                 _____
                                                 Wayson W. S. Wong
                                                 Attorney for Plaintiffs

Memorandum In Support of Motion, Trinh, et al. v. Culiat, et al.
District Court of Guam, Civil Case No. 03-00017

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiffs

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>Defendants. | Civil Case No. 03-00017<br><br>SECOND AMENDED SCHEDULING ORDER AND DISCOVERY PLAN |

SECOND AMENDED SCHEDULING ORDER AND DISCOVERY PLAN

Pursuant Local Rules (LR) 16.5 of the District Court of Guam, the parties submit the following Second Amended Scheduling Order and Discovery Plan:

1. The nature of the case is as follows. This is an action by plaintiffs to recover bodily injury damages from the defendants.

2. The posture of the case is as follows. The Complaint and the answers have been filed. The parties have undertaken active discovery. Trial has been scheduled for March 29, 2005, but the parties need to conduct critical discovery to present their full cases at trial. They have moved to extend the scheduling order deadlines for the trial and other related dates. They are asking to move the trial to July 2005, and extend the other related dates accordingly.

a. The following motions are on file: None.

b. No hearing is currently scheduled.

3. The deadline to file any motion to add parities and claims has expired.

4. The deadline to file any motion to amend pleadings has expired.

5. Status of Discovery:

a. The times for making disclosures under FRCP 26(a) are modified as follows:

(1) Disclosures of the items required by FRCP 26(a)(1) & (2), LR 16.2(a) and LR 26.2 have been made.

(2) Disclosure of the items required by FRCP 26(a)(3), will be made 30 days before the scheduled trial and any objections to them will be made within 14 days after such disclosures.

(3) The parties have a continuing obligation to comply with the pretrial disclosures per FRCP 26(e) and LR 26.2.

The following is a description and schedule of all pretrial discovery each party needs to complete. Defendant Marife Culiat has been attending college in Hawaii. Despite efforts to take her deposition earlier and finally again in early January 2005, her deposition could not be taken consistent with the schedules of her and all counsel until March 22, 2005, at 10:00 a.m., in Hawaii, at Carnazzo Court Reporting in Honolulu, Hawaii. Defendants have tried to obtain dates for the deposition of plaintiff's treating health care providers and for plaintiff, all of whom reside in New Jersey. Defendants have been seeking such dates over the

last year. Defendants wanted to take them around the same time. It has been very difficult to obtain dates for the health care providers depositions, consistent with the schedule of counsel, over the last year. However, they finally were obtained as follows: (1) Dr. Sabel, March 31, 2005, at 9:30 a.m., at his office in New Jersey; (2) Dr. Abrams, April 22, 2005, at 9:30 a.m., at his office in New Jersey; and (3) Plaintiff Luan Trinh, March 30, 2005, at 10:00 a.m., at plaintiff's counsel's office in New Jersey or at such other reasonable place defendants designate. Requests for admissions may be filed by either side.

6. The discovery cut off date (defined as the last day to file responses to discovery) has expired, but the parties have jointly asked that the trial date be extended such that such discovery can be completed before the trial and that the discovery completion deadline be extended to April 30, 2005.

7. The deadline for dispositive motions has expired, but that deadline should be extended if the trial date is extended; the parties have asked that it be extended to May 31, 2005.

8. After the discovery scheduled has been completed, the plaintiff believes that a settlement conference should be held.

9. The preliminary Pretrial Conference will be held on _____ _____, at 9:00 a.m. (no later than 21 days prior to trial).

10. The parties' pretrial materials, discovery materials, witness lists, designations, exhibit lists and trial briefs will be filed on or before _____ _____ (no later than 14 days prior to trial).

11. The proposed Pretrial Order and the Stipulation for Trial under LR

16.7 will be filed on or before _____ (no later than 14 days prior to trial).

   12.   The final Pretrial Conference will be held on _____ _____, at 9:00 a.m. (7 days prior to trial).

   13.   The trial will be held on _____ at 9:00 a.m.

   14.   The trial is a non-jury trial.

   15.   It is anticipated that it will take approximately two to three days to try this case.

   16.   Counsel in this case are: Wayson W. S. Wong, Esq., and Jacques Tran, Esq., probably will be appearing pro hac vice, as co-counsel for the plaintiffs; Thomas Sterling, Esq. and/or Vincent Leon Guerrero, Esq., as the attorneys for the defendants.

   17.   The parties present the following suggestions for shortening trial: Plaintiff believes that a meaningful settlement conference would assist greatly.

   18.   The following issues will also affect the status or management of the case: The outcome of the Plaintiff's Ex Parte Motion to Extend Scheduling Order Deadlines.

   Dated: Hagatna, Guam, _____.


                                          _____
                                          JOAQUIN V. E. MANIBUSAN, JR.
                                          Magistrate District Judge

APPROVED AS TO FORM AND CONTENT:

_____  _____
Wayson W. S. Wong            Thomas C. Sterling
Attorney for Plaintiffs      Vincent Leon Guerrero
                             Attorneys for Defendants

Second Amended Scheduling Order and Discovery Plan, *Trinh, et al. v. Culiat, et al.*, D. C. Guam, Terr. of Guam, Case No.: 03-00017