Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff

# FILED
DISTRICT COURT OF GUAM

MAR 2 1 2005 nbo

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

LUAN Q. TRINH and CHI LUONG, )
h/w )
                )
                )
           Plaintiffs, )
                )
    vs. )
                )
MARYFE A. CULIAT and FELY A. )
CULIAT, )
                )
          Defendants. )
                )
                )
                )

Civil Case No. 03-00017

PLAINTIFF'S REQUEST TO
INCREASE LIMITATION ON NUMBER
OF INTERROGATORIES AND
REQUESTS FOR ADMISSION;
MEMORANDUM IN SUPPORT OF
REQUEST; EXHIBITS "A –B"

## PLAINTIFF'S REQUEST TO INCREASE LIMITATION ON NUMBER
## OF INTERROGATORIES AND REQUESTS FOR ADMISSION

Plaintiff Luan Q. Trinh, by and through his attorney, Wayson W. S. Wong,

Esq., of the Law Offices of Wayson Wong, requests an order from this Court

allowing the limitation on the number of plaintiff's interrogatories and requests for

admission for this case to be increased such that the interrogatories or requests

for admission in Plaintiff's Second Request for Answers to Interrogatories to

Defendant Maryfe A. Culiat; Interrogatories and Plaintiff's First Request for

Admissions to Defendant Maryfe A. Culiat; Requested Admissions attached as

ORIGINAL

Exhibits "A – B", respectively, be allowed for this case and as if served on defendant Maryfe A. Culiat on March 21, 2005. The number of interrogatories or requests for admission in Exhibits "A – B" probably is variable because of one's construction of what a subpart or subsection may or may not be; therefore, no specific increase in number has been requested.

This requests is made pursuant to L. R. 33.1(a) of he District Court of Guam.

This request is based on the record of this case and on the memorandum and documents attached to it.



Dated:  Honolulu, Hawaii,  <u>March 20, 2005</u>  .


<u>Wayson W. J. Wong</u>
Wayson W. S. Wong
Attorney for Plaintiff

Plaintiff's Request to Increase Limitation on Number of
Interrogatories and Requests for Admission; Trinh, et al.
v. Culiat, et al., D.C. Guam, Terr. Of Guam,
Case No.: 03-00017

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

LUAN Q. TRINH and CHI LUONG, )
h/w )

Plaintiffs, )

vs. )

MARYFE A. CULIAT and FELY A. )
CULIAT, )

Defendants. )
_____ )

Civil Case No. 03-00017

MEMORANDUM IN SUPPORT OF
REQUEST

## MEMORANDUM IN SUPPORT OF REQUEST

As the July 5, 2005 trial date for this case approaches, plaintiff Luan Q. Trinh

("Mr. Trinh") wants to narrow the issues to be tried in the interest of judicial economy

and saving attorneys' fees and costs.

The facts in this case indicate that defendant Maryfe A. Culiat ("Ms. Culiat")

negligently turned left in front of Mr. Trinh, who was driving straight and had the right of

way. Such facts should clearly establish liability against her. The facts further indicate

that Mr. Trinh has sustained serious injuries as a result of such negligence, and he

received over $12,000 in treatment for the same. Mr. Trinh has served 24 simple

requests for admissions to have Ms. Culiat admit to the facts of the collision and her

fault, and admit to the facts of his injuries and the health care expenses to treat such

injuries. Proper responses to them should substantially reduce the issues and facts that

would need to be tried. The copy of Plaintiff's First Request for Admissions to

Defendant Maryfe A. Culiat; Requested Admissions attached as Exhibit "B" to Plaintiff's

Request to Increase Limitation on Number of Interrogatories and Requests for

Admission ("Request to Increase Limitation") show that such requests for admission

should substantially reduce the issues and facts that would need to be tried. Those

requests for admission have been served upon Ms. Culiat.

However, depending on how each request for admission is construed, the

number of requests could exceed 24. For example, request for admission no. 15

discusses only one subject, Mr. Trinh's injuries; however, it has six (6) subparts and

may be construed to be six (6) requests. If it is construed by this Court as such, instead

of 24 requests, there may be 30 requests.

L.R. 33.1(a) provides that:

**(a) Limitation on Number of Interrogatories and Requests for
Admission**. No party shall serve more than one set of interrogatories or
requests for admission on any other party without leave of court.
Interrogatories or requests for admission shall not exceed twenty-five (25)
in number, counting any subparts or subquestions as individual questions.
Subparts or subquestions of any interrogatory shall relate directly to the
subject matter of the interrogatory. Any party desiring to serve additional
interrogatories shall submit to the Court a written memorandum setting
forth the proposed additional interrogatories or requests for admission and
the reasons establishing good cause for their use.

As indicated, good cause exists for Ms. Culiat to respond fully to all of the

requests for admission served upon her. Such full response can and should

substantially reduce the issues and facts that would need to be tried. The requests are

simple, straightforward and related to pertinent significant matters for this case. No

facts have been presented to show that they are not true.

Sometimes parties will try to deny a fact or facts that should be admitted on the

basis of an insignificant different construction of what is being requested to be admitted.

However, if such party is required to set forth the facts that support such denial, it can readily be seen that such denial is not justified.

Accordingly, Mr. Trinh has prepared and seeks leave from this Court to serve Plaintiff's Second Request for Answers to Interrogatories, Interrogatories, a copy of which is attached as Exhibit "A" to the Request to Increase Limitation. Interrogatory no. 1 requests the facts upon which any denial of a request for admission is based. That interrogatory is important to encourage good faith by Ms. Culiat in responding to the requests for admission and in further showing where the real versus apparent disputes are.

Mr. Trinh initially served Plaintiff's First Request for Answers to Interrogatories; Interrogatories on Ms. Culiat. There were 59 numbered interrogatories in that pleading, each of which sought relevant significant information for this case. Ms. Culiat's counsel objected to them because they exceeded the 25 limit in L.R. 33.1(a) and had her answer only the first 25 interrogatories instead. Four interrogatories that were not answered from the first request included one requesting information about the lay witnesses that Ms. Culiat expected to call at trial; one requesting information about the opinions and facts of any of her experts; one requesting information about what documents those experts used or prepared; and one requesting information about what exhibits Ms. Culiat may use at trial. The four are standard important trial preparation interrogatories that should be answered by each party for every case to allow for proper preparation for trial and avoid unfair surprise at trial. The remaining interrogatories nos. 2 – 5 of Plaintiff's Second Request for Answers to Interrogatories; Interrogatories are

merely the reassertion of those four standard trial preparation interrogatories, good cause for which has always existed, but for the 25 interrogatories limit.

For the reasons stated above, good cause exists to have Ms. Culiat served and respond to the only five interrogatories in Plaintiff's Second Request for Answers to Interrogatories; Interrogatories.

For the reasons stated above, good cause exists to have the Request to Increase Limitation granted to allow the five interrogatories and 24 or more requests for admission that have been described. Since there is good cause to have these discovery requests responded to by Ms. Culiat, Mr. Trinh also has asked this Court to order that they be allowed as if served on March 21, 2005. As attachments to the Request to Increase Limitation, they actually will be served on Ms. Culiat on March 21, 2005. This Court recently extended the discovery cut off for this case to April 30, 2005; however, because of that fast approaching deadline, if these discovery requests are not allowed as if served on March 21, 2005, Ms. Culiat may avoid responding to them because there may be insufficient time (less than 30 days) for her to respond to them if they are allowed and served later. The good cause for them to be responded to would be effected by allowing them as if served on Ms. Culiat on March 21, 2005.



Dated: Honolulu, Hawaii, <u>March 20, 2005</u> .



<u>Wayson W. S. Wong</u>
Wayson W. S. Wong
Attorney for Plaintiff

Memorandum in Support of Request, Luan Q. Trinh, et al. v. Maryfe A. Culiat, et al., District Court of Guam, Civil Case No. 03-00017

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff Luan Q. Trinh

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 03-00017<br><br>PLAINTIFF'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT MARYFE A. CULIAT; INTERROGATORIES |

## PLAINTIFF'S SECOND REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT MARYFE A. CULIAT

Plaintiff Luan Q. Trinh, by and through his attorney, Wayson W. S. Wong,

Esq., from the Law Offices of Wayson Wong, A Professional Corporation, requests that

defendant Maryfe A. Culiat answer under oath, in accordance with Rule 33 of the

Federal Rules of Civil Procedure, the interrogatories which are being served with a copy

of this request.

PLEASE TAKE NOTICE that the answers to the interrogatories must be

served upon the undersigned within thirty (30) days after the receipt of them.

IT IS REQUESTED that the undersigned be served with two (2) copies of

the answers to the interrogatories.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the

interrogatories are deemed continuing so as to require supplemental answers if you or

your attorneys or your agents obtain further information on the matters covered by these

interrogatories between the time the answers are served and the time of trial.

Dated: Honolulu, Hawaii, March ___, 2005.

Wayson W. S. Wong
Attorney for Plaintiff

## INTERROGATORIES

1.    For each requested admission set forth in Plaintiff's First Request for
Admissions to Defendant Maryfe A. Culiat that you fail to admit without
exception, please state:

            a.    The number of the requested admission;

            b.    Each and every fact and/or basis upon which you rely on to
fail to admit to that requested admission;

            c.    The name and address of each witness who can testify to
such fact(s) or basis(es) and the fact(s) or basis(es) that he or she will testify to;
and

            d.    The individual description of any and all documents that
contain or describe such fact(s) or basis(es) by (1) author, (2) addressee, (3)
type of document, (4) date of the document and (5) content(s) of each such
document. You may produce and attach a copy of the document to your
answers to interrogatories in lieu of describing the document; but on the
document or a cover sheet for it, you are requested to identify by paragraph
number(s) of the requested admission(s), the requested admission(s) to which
the document relates.

Answers

2.    For each lay witness whom you expect to call to testify at the trial of this

case, please state the name, address and phone numbers of each such

witness and the facts to which each witness will testify.

Answer:

3.    For each person whom you intend to call as an expert witness at the trial
      of this case, please state each expert's name, address, occupation and
      employer, the subject matter on which the expert is expected to testify, the
      substance of the facts and opinions to which the expert is expected to
      testify, and a summary of the grounds for each opinion. ("Expert witness"
      of "expert" as used herein includes health care providers.)

      Answer:

4. For every expert identified in the immediately preceding interrogatory who has reviewed, used and/or prepared any document, other thing (including but not limited to any electronic file; photo, measurement, treatise) or report for this case, list any and all such documents, things and/or reports. **Produce** copies of each (you need not list those produced) and each expert's resume or curriculum vitae. You were asked to produce similar documents in Plaintiff's Second Request for Production of Documents to Defendant Maryfe A. Culiat served on October 30, 2004; and to the extent you have not produced them yet; please produce them right away; otherwise, produce only those documents requested that have not yet been produced.

Answer:

5.    List with particularity by: (a) author, (b) addressee, (c) type of document or thing, (d) date of the document or thing and (e) content(s) of each such document or description of such thing, each and every exhibit you may introduce at the trial of this case. **Produce** copies of all such documents or photographs of all such things. You need not list the information requested for those documents which you have produced copies. You were asked to produce similar documents in Plaintiff's Second Request for Production of Documents to Defendant Maryfe A. Culiat served on October 30, 2004; and to the extent you have not produced them yet; please produce them right away; otherwise produce only those documents requested that have not yet been produced.

Answer:

GUAM, U.S.A          )          SS.

          On this _____ day of _____, 200__, before me
personally appeared _____ to me personally known,
who, being by me duly sworn did say that he/she is the _____ of
_____, and that he/she has read the foregoing
answers to the interrogatories and the same are true to the best of his/her
knowledge, information and belief.

                                        _____
                                        Maryfe A. Culiat

Subscribed and sworn to before
me this ___ day of _____,
200__.

_____
Notary Public, Guam U.S.A.

Print Name:_____

My commission expires:_____

Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff Luan Q. Trinh

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w ) | Civil Case No. 03-00017 |
| ) | |
| Plaintiffs, ) | PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MARYFE A. CULIAT; REQUESTED ADMISSIONS |
| vs. ) | |
| ) | |
| MARYFE A. CULIAT and FELY A. CULIAT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT MARIFE A. CULIAT

Plaintiff Luan Q. Trinh ("Mr. Trinh"), by and through his attorney, Wayson W.
S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation,
hereby requests that defendant Maryfe A. Culiat ("Ms. Culiat"), in accordance with
and Rule 36 of the Federal Rules of Civil Procedure, answer or object to the matters
requested to be admitted in Plaintiff's First Request for Admissions to Defendant
Maryfe A. Culiat.

PLEASE TAKE NOTICE that the answers to this request for admissions must
be served upon the undersigned within thirty (30) days after service of this request
for admissions.

Please be advised that each of the following attached requested admissions (1 – 24) must be truthfully admitted or denied unless you set forth in detail the reasons why you cannot truthfully admit or deny the matter(s) contained therein.

If good faith requires that you qualify your answer or deny only a portion of the matter(s) for which an admission is requested, you must do so expressly in your answer.

Each of the requested admissions will be deemed admitted under Rule 36 of the Federal Rules of Civil Procedure unless answers to them are provided within thirty (30) days of the service of this request for admissions.

If you fail to admit any matter for which an admission is requested herein, and if the truth of any such matter is later established, you may then be required to pay the expenses incurred in proving the matter, including reasonable attorney's fees pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

Dated: Honolulu, Hawaii, March 20, 2005.

_____
Wayson W. S. Wong
Attorney for Plaintiff
Luan Q. Trinh

## REQUESTED ADMISSIONS

For the purpose of these requested admissions, the motor vehicle collision on December 24, 2000, involving Maryfe A. Culiat ("Ms. Culiat" or "You") and Luan Q. Trinh ("Mr. Trinh") by Micronesia Mall in Guam is called the "collision" and December 24, 2000 is called the "date of the collision".

1. On the date of the collision, you were driving a 1989 Oldsmobile, with the license plate designation of ORKDLVR.

Admit _____          Deny _____

2. Just before the collision, you were on Route 16, facing the away from Route 1.

Admit _____          Deny _____

3. You were making a left turn from Route 16 toward one of the entrances to Micronesian Mall, and collided with a Nissan Sentra.

Admit _____          Deny _____

4. You later learned that the driver of the Nissan Sentra was Mr. Trinh.

Admit _____          Deny _____

5. Just before the collision, the Nissan Sentra was on Route 16, traveling toward Route 1; it was going straight.

Admit _____          Deny _____

6. When you were making the left turn and collided into the Nissan Sentra, you violated the right of way of the driver of the Nissan Sentra.

Admit _____                Deny _____

7. At the time of the collision, you had the responsibility to other drivers on the road with you to act with proper care in driving your car.

Admit _____                Deny _____

8. When you were making the left turn and collided into the Nissan Sentra, you failed to meet your responsibility to Mr. Trinh to act with proper care in driving your car.

Admit _____                Deny _____

9. When you were making the left turn and collided into the Nissan Sentra, you were negligent with respect to Mr. Trinh.

Admit _____                Deny _____

10. When you collided into the Nissan Sentra, you caused damages to the Nissan.

Admit _____                Deny _____

11. When you collided into the Nissan Sentra, you caused bodily injury to Mr. Trinh.

Admit _____                Deny _____

12. As far as you know, Mr. Trinh did nothing wrong to cause the collision.

Admit _____                Deny _____

13. You are solely at fault for causing any of Mr. Trinh's bodily injuries resulting from the collision.

Admit _____ Deny _____

14. As between you and Mr. Trinh, you are solely responsible for paying any of Mr. Trinh's bodily injury damages resulting from the collision.

Admit _____ Deny _____

15. The collision caused bodily injuries to Mr. Trinh as follows:

   a. Intervertebral disc herniation at C5-C6 with encroachment upon and distortion of the spinal cord and narrowing of the left neural foramen;

   b. Annulus bulges at the intervertebral discs at C3-C4, C4-C5 and C6-C7 with indentation on the thecal sac;

   c. Annulus bulges at the intervertebral discs at L4-L5 and L5-S1 with flattening and indentation on the thecal sac;

   d. Subluxation of vertebrae in the cervical and lumbar spine;

   e. Cervicocranial syndrome; and

   f. Cervical, thoracic and lumbosacral sprain and strain.

Admit _____ Deny _____

16. Mr. Trinh received treatment from Guam Memorial Hospital for at least part of his injuries caused by the collision, which were charged to him in the amount of $689.45.

Admit _____ Deny _____

17. The $689.45 charged was reasonable and necessary for the treatment of at least a part of Mr. Trinh's injuries caused by the collision.

Admit _____                    Deny _____

18. Mr. Trinh received treatment from Dr. Larry Sabel and Sabel Chiropractic for at least part of his injuries caused by the collision, which were charged to him in the amount of $9,179.00.

Admit _____                    Deny _____

19. The $9,179.00 charged was reasonable and necessary for the treatment of at least a part of Mr. Trinh's injuries caused by the collision.

Admit _____                    Deny _____

20. Mr. Trinh received treatment from Open MRI of Cherry Hill, New Jersey, for at least part of his injuries caused by the collision, which were charged to him in the amount of $1,832.00.

Admit _____                    Deny _____

21. The $1,832.00 charged was reasonable and necessary for the treatment of at least a part of Mr. Trinh's injuries caused by the collision.

Admit _____                    Deny _____

22. Mr. Trinh received treatment from Dr. Russell Abrams for at least part of his injuries caused by the collision, which were charged to him in the amount of $386.00.

Admit _____                    Deny _____

23. The $386.00 charged was reasonable and necessary for the treatment of at least a part of Mr. Trinh's injuries caused by the collision.

Admit _____ Deny _____

24. To the extent that the documents enclosed with attorney Wayson W. S. Wong's August 19, 2003 letter to attorney Thomas Sterling are copies of documents from the health care providers described in these requested admissions, they are duplicates of such documents, correctly identified in that letter and its enclosures, prepared or compiled in the ordinary course of business of such health care providers and kept and filed in the ordinary course of business of such health care providers.

Admit _____ Deny _____