Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff

FILED
DISTRICT COURT OF GUAM
MAR 2 9 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w | ) Civil Case No. 03-00017 |
| | ) |
| | ) REPLY MEMORANDUM IN SUPPORT |
| Plaintiffs, | ) OF PLAINTIFF'S REQUEST TO |
| | ) INCREASE LIMITATION ON NUMBER |
| | ) OF INTERROGATORIES AND |
| vs. | ) REQUESTS FOR ADMISSION |
| | ) |
| MARYFE A. CULIAT and FELY A. CULIAT, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
REQUEST TO INCREASE LIMITATION ON NUMBER
OF INTERROGATORIES AND REQUESTS FOR ADMISSION

Plaintiff Luan Q. Trinh, by and through his attorney, Wayson W. S. Wong, Esq.,

of the Law Offices of Wayson Wong, submits this reply memorandum in further support

of Plaintiff's Request to Increase Limitation on Number of Interrogatories and Requests

for Admission filed on March 21, 2005 ("Request to Increase Limitation"). On March 28,

2005, defendants filed Defendants' Opposition in Part to Request for Increase in

ORIGINAL

Limitation of Interrogatories and Admissions ("defendants' opposition"). This reply memorandum responds to defendants' opposition.

Again, the question is whether there is good cause to increase the limit of discovery requests.

Plaintiff described and showed good cause for all of the requests for admission described in Plaintiff's First Request for Admissions to Defendant Maryfe A. Culiat; Requested Admissions involved. They are all very pertinent to this case and would serve to narrow the issues for trial. Defendants have failed to offer this Court any reason to question such good cause for extending the limit of the number of requests for admission. Accordingly, the Request to Increase Limitation surely should be granted with respect to the requests for admission.

Defendants primary objection to the discovery requests appears to be with respect to interrogatory no. 1; "[d]efendant does not object to responding to the remaining interrogatories." Furthermore, defendants' objection does not appear to be one of there being too many interrogatories, but that interrogatory no. 1 is an improper interrogatory because "plaintiff had ample opportunity to ascertain the facts."

Defendants miss the point. Interrogatory no. 1 was prepared not to ascertain facts for the first time from defendants, although it may do that. It was prepared to make defendant Maryfe A. Culiat's responses to the requests for admissions to her more meaningful and/or effective in narrowing the issues to be tried for this case. As we stated on p. 3 of the Memorandum in Support of Request attached to the Request to Increase Limitation,

That interrogatory is important to encourage good faith by Ms. Culiat in responding to the requests for admission and in further showing where the real versus apparent disputes are.

Given the fact that the primary purpose of that interrogatory has been to narrow down the factual issues for trial, good cause exists for it; and defendants' contention of ample opportunity to obtain facts does nothing to refute such good cause. Thus, not only should the number of interrogatories allowable be increased to provide for that interrogatory and its subparts, but it should be determined to be a proper interrogatory that defendant Mary A. Culiat needs to fairly respond to.

Although probably not relevant to the question about limitation of the number before this Court, plaintiff takes strong issue with defendants' statement that there has been ample opportunity by discovery to obtain information sought. For example, in 2004, although we asked many proper questions about defendants' alleged affirmative defenses in previous interrogatory no. 50 to defendant Maryfe A. Culiat, she refused to answer those questions on the ground that they exceeded the 25 allowed. We took her deposition on March 22, 2005, in Hawaii. Her Hawaii counsel, retained by her Guam counsel for her, unreasonably objected to and refused to allow her to answer many important proper questions about the accident, and that showed why the need for interrogatory no. 1 clearly exists to require her and her Guam counsel to exercise good faith in responding to valid requests for admissions and questions about the key liability and damages issues in this case.

Defendants have had adequate notice of the interrogatories pending and have been properly served with the requests for admissions. For the previous

reasons set forth in the last paragraph of the Memorandum in Support Request, the interrogatories involved, and any requests for admissions in excess of 25 should be deemed to have been properly served on them as of March 21, 2005.

For the reasons set forth in the Memorandum in Support of Request and those set forth in this reply memorandum, plaintiff again respectfully requests that this Court grant his Request to Increase Limitation by entering the proposed Order Granting Plaintiff's Request to Increase Limitation on Number of Interrogatories and Requests for Admission submitted with the request.



4

Dated: Honolulu, Hawaii, <u>March 28, 2005</u> .


_(signature)_
Wayson W. S. Wong
Attorney for Plaintiff


Reply Memorandum in Support of Plaintiff's Request to Increase Limitation
on Number of Interrogatories and Request for Admission, Trinh, et al. v.
Culiat, et al., District Court of Guam, Civ. Case No. 03-00017