Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff
Luan Q. Trinh



**FILED**
DISTRICT COURT OF GUAM

APR 12 2005 ?

MARY L.M. MORAN
CLERK OF COURT



## IN THE DISTRICT COURT OF GUAM

### TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>    Defendants. | Civil Case No. 03-00017<br><br>PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESSES; MEMORANDUM IN SUPPORT OF MOTION |

### PLAINTIFF'S MOTION IN LIMINE TO
### EXCLUDE DEFENDANTS' EXPERT WITNESSES

Plaintiff Luan Q. Trinh, by and through his attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, moves this Court for an order excluding defendants' expert witnesses, Dr. Frank Perez and Dr. John Chase, from testifying at the trial for this case.

This motion has been brought pursuant to L.R. 7.1 of the Civil Rules of the Local Rules of Practice of the District Court of Guam and Rules 7 and 26(a)(2) of the Federal Rules of Civil Procedure.

This motion is based on the record of this case and the documents attached.

Dated: Hagatna, Guam, April 12, 2005.

_____
Wayson W. S. Wong
Attorney for Plaintiffs

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w <br><br> Plaintiffs, <br><br> vs. <br><br> MARYFE A. CULIAT and FELY A. CULIAT, <br><br> Defendants. | Civil Case No. 03-00017 <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

Plaintiff Luan Trinh ("Mr. Trinh") has moved in limine to exclude the two expert witnesses designated by defendants from testifying at the trial of this case because defendants have failed to make the required disclosures as to both of them, and Mr. Trinh has been and will be substantially prejudiced by that.

I.  PERTINENT FACTS

In January 2005, defendants initially disclosed Dr. Frank Perez (accident expert?) and Dr. John Chase (medical expert) as potential expert witnesses for them in this case.

Since that time, defendants have only disclosed a March 9, 2005 report by Dr. Chase and absolutely nothing in terms of documents with respect to Dr. Perez. Dr. Chase's report was first disclosed to Mr. Trinh on March 21, 2005.

The trial for this case is scheduled for July 5, 2005. Pursuant to Rule 26(a)(2), certain disclosures with respect to experts are required to be made 90 days prior to trial or in this case, by April 5, 2005. Because of defendants' failures to make the required disclosures, Mr. Trinh has been and will be substantially prejudiced.

II.  DISCUSSION

Rule 26(a)(2) of the Federal Rules of Civil Procedure reads:

(2) Disclosure of Expert Testimony.

>   (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
>   (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
>   (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

As indicated, pursuant to Rule 26(a)(2), the disclosures mentioned in that rule should have been made by defendants to Mr. Trinh on or about April 5, 2005, 90 days

before the July 5, 2005 trial date. There has been no stipulation about that and no direction from the Court on that; thus, that rule governs.

As indicated, with respect to Dr. Perez, Mr. Trinh has not received any written report prepared and signed by him in accordance with that rule. Mr. Trinh has not been provided with any data or other information considered by Dr. Perez. Mr. Trinh has not been provided with any exhibits to be used by Dr. Perez. Mr. Trinh has not been provided with any of the qualifications of Dr. Perez. Mr. Trinh has not been provided with any information about the compensation to be paid to Dr. Perez for his involvement in this case. Mr. Trinh has not been provided with any listing of any other cases in which Dr. Perez has testified to at trial or in deposition. In short, none of the disclosures that defendants have been required to provide to Mr. Trinh about Dr. Perez and his opinions and the bases for them, have been provided to him, which is a clear violation of Rule 26(a)(2).

As indicated, with respect to Dr. Chase, Mr. Trinh finally received a written report by Dr. Chase on March 21, 2005. However, Mr. Trinh has not been provided with any information about the compensation to be paid to Dr. Chase for his involvement in this case or a listing of any other cases in which Dr. Chase has testified to at trial or in deposition. Accordingly, defendants have also violated Rule 26(a)(2) with respect to Dr. Chase.

Defendants' failures to make such disclosures has restricted Mr. Trinh from properly preparing his case for trial, and thus, have prejudiced and will prejudice him. This is especially the case with respect to Dr. Perez. Mr. Trinh has no idea of what Dr. Perez may testify to at trial. He has no idea about the nature and extent of his expertise

with respect to this case to even begin to retain any expert to counter his possible testimony. Mr. Trinh is informed and believes that Dr. Perez resides in and works in California, and the logistics of deposing him are substantial, especially when Mr. Trinh has no idea of what he will testify about and what kind of expert assistance (consultation) he needs to effectively depose Dr. Perez. There is simply not enough time between now and the time of trial to accomplish all of that with respect to defendants' contemplated use of Dr. Perez at trial and Mr. Trinh's proper presentation of his case for trial. Trying to possibly cram all of that in such a restrictive time frame, if that could be accomplished, will invariably mean significant increased expenses to Mr. Trinh.

III. CONCLUSION

By reason of the foregoing, Mr. Trinh respectfully asks this Court to grant his motion in limine.

Dated: Hagatna, Guam, April 12, 2005.

_____
Wayson W. S. Wong
Attorney for Plaintiff