KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By **VINCENT LEON GUERRERO**

Attorneys for *Defendants Maryfe A. Culiat and Fely A. Culiat*

FILED
DISTRICT COURT OF GUAM
APR 18 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w, <br><br> Plaintiffs, <br><br> vs. <br><br> MARYFE A. CULIAT and FELY A. CULIAT, <br><br> Defendants. | CIVIL CASE NO. 03-00017 <br><br> **DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE** |

## INTRODUCTION

This is an action, originally filed in the Eastern District of Pennsylvania on December 17, 2002 and based on diversity jurisdiction. At their initial filing, Luan Trinh and Chi Luong (hereinafter collectively the "Plaintiffs") demanded a jury trial. Around June 5, 2003, the case was transferred to the District Court of Guam.

Due to the distance involved, discovery was delayed resulting in agreements entered into by the respective counsels. Among the agreements made were that the Maryfe Culiat and Fely Culiat (hereinafter collectively the "Defendants") would identify their expert witnesses after Plaintiffs were deposed

and that notwithstanding the court ordered discovery cut-off, discovery would remain open until May 31, 2005. Defendants thus contest Plaintiffs' assertion that no stipulation was entered concerning the discovery of Defendants' proposed expert witnesses.

Additionally, Defendants dispute Plaintiffs' contention that Plaintiffs are prejudiced by not knowing what the proposed experts' testimony may be. It is Defendants' belief that a trial was conducted by the Plaintiffs' counsel wherein Dr. Perez testified as an expert, thus Defendants should have ample knowledge of Dr. Perez' curriculum vitae. Further, Plaintiffs' counsel had the opportunity to depose Dr. Chase and is fully aware of the Dr. Chase's qualifications.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs initiated this action on December 17, 2002, alleging negligence on the part of Maryfe Culiat as the driver of an automobile and negligence on the part of Fely Culiat in entrusting Maryfe Culiat with a car. *See* Complaint. By order of the United States District Court of Eastern Pennsylvania dated April 25, 2003, the lawsuit was transferred to the District Court of Guam. *See* Order filed June 5, 2003. Defendants, on June 18, 2003, denied liability and asserted affirmative defenses of contributory and comparative negligence. *See* Answer filed June 18, 2003.

On January 13, 2005, Defendants reminded Plaintiffs that the deposition of Mr. Trinh was critical to identifying Defendants' expert witness. See e-mail dated January 13, 2005 from Vincent Leon Guerrero to Wayson Wong attached to Declaration of Vincent Leon Guerrero. Through the January 13, 2005 e-mail, Defendants identified their potential expert witnesses which counsel for Plaintiffs has had prior dealings. Also, see Declaration of Vincent Leon Guerrero. Although depositions were requested, dates were not obtained to depose Plaintiffs' witnesses.

On March 4, 2005, Plaintiffs moved to extend the scheduling order deadlines and the scheduled trial date. In their Memorandum of Points and Authorities, Plaintiffs acknowledged that obtaining depositions of plaintiff [sic] and treating health care providers were difficult. See Plaintiffs' Memorandum of Points and Authorities filed March 4, 2005.

On March 8, 2005, this Court held a hearing on Plaintiffs' motion and granted Plaintiffs' request and moved the trial date to July 5, 2005. At the hearing, however, the Court provided the parties with an option of having the trial date moved from July to August of 2005 should the parties agree.

Also on March 8, 2005, Defendants reminded Plaintiffs that the depositions of Plaintiffs' experts were needed to identify Defendants' expert witnesses. See e-mail dated March 8, 2005 from Vincent Leon Guerrero to Wayson Wong attached to

- 3 -

Declaration of Vincent Leon Guerrero. In reply, Plaintiffs expressed gratitude for the reminder. See e-mail dated March 8, 2005 from Wayson Wong to Vincent Leon Guerrero attached to Declaration of Vincent Leon Guerrero

In response to Plaintiffs' proposed order to extend the trial date, Defendants informed Plaintiffs that the July trial date would be fine. See e-mail dated March 19, 2004 from Vincent Leon Guerrero to Wayson Wong attached to Declaration of Vincent Leon Guerrero. Defendants, however, expressed their concern of whether Plaintiffs would have enough time to complete discovery of Defendants' anticipated expert witnesses.

In response to the concerns of Defendants, the parties agreed that discovery cut off would be extended to May 31, 2005. See e-mail from Wayson Wong to Vincent Leon Guerrero dated March 26, 2005 attached to Declaration of Vincent Leon Guerrero.

At the request of Plaintiffs, Plaintiff Luan Trinh's deposition was conducted. Copies of the transcript arrived at Defendants' counsel's office on April 7, 2005. See Declaration of Vincent Leon Guerrero. Copies of the transcript were sent to Dr. Perez and are currently being evaluated for the purposes of traffic reconstruction purposes. See Declaration of Vincent Leon Guerrero.

At the request of Plaintiffs, Dr. Sable deposition was held on March 31, 2005. To date, no transcripts have been received

- 4 -

by Defendants' counsel. At the suggestion of Plaintiffs, Dr. Chase's deposition has been scheduled for the 24th of May, 2005.

## LAW

Concerning the disclosure of expert testimony, "**in the absence of** other directions from the court or **stipulation by the parties**, the disclosures shall be made at least 90 days before the trial date . . .." Rule 26(20)(c) of the Federal Rules of Civil Procedure. In the instant action, Defendants reminded Plaintiffs in January that Plaintiffs' witnesses were needed to be deposed in order to identify the experts. On January 8, 2005, Defendants again reminded that the depositions of Plaintiffs' witnesses were needed to identify Defendants expert witnesses.

In consideration of the delayed depositions of Plaintiffs and Dr. Sable, Defendants agreed to the July trial date and the extension of the discovery deadline. The discovery extension was made for the sole purpose of identifying and providing discovery of Defendants' expert witnesses. For Plaintiffs to claim there was no stipulation is erroneous.

Defendants further submit that since the prospective witnesses were identified, and one expert's deposition scheduled at the request of Plaintiffs, there is no prejudice. Absent prejudice and no requirement to extend the trial date, Defendants' proposed experts should not be excluded from testifying.

- 5 -

## CONCLUSION

For the foregoing reasons stated above, Plaintiffs' motion to exclude testimony from Dr. Perez and Dr. Chase should be denied.

**RESPECTFULLY SUBMITTED** this 18th day of April, 2005.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

BY: *Vincent Leon Guerrero*
**VINCENT LEON GUERRERO**
*Attorneys for Defendants MaryFe A. Culiat and Fely A. Culita*

V49\14226-177
G:\Word97\OFFICE\WORDDOC\DONGBU\PLD\549A-OPPO TO MTN TO EXCLUDE RE TRINH V CULIAT.doc

## CERTIFICATE OF SERVICE

I, **VINCENT LEON GUERRERO**, hereby certify that a true copy of **DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE; DECLARATION OF VINCENT LEON GUERRERO** will be served via hand delivery on April 18, 2005 to the counsel of record for the Plaintiffs in this matter as follows:

> Wayson W.S. Wong, Esq.
> 142 Seaton Boulevard
> Suite 203
> Hagåtña, Guam 96910

**DATED** this 18th day of April, 2005.

_/s/ Vincent Leon Guerrero_
**VINCENT LEON GUERRERO**

```
V49\14226-177
G:\WORD97\OFFICE\WORDDOC\DONGBU\PLD\549A-OPPO TO
MTN TO EXCLUDE RE TRINH V CULIAT.DOC
```

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857