DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, | Civil Case No. 03-00017 |
| Plaintiffs, | |
| vs. | |
| MARYFE A. CULIAT and FELY A. CULIAT, | ORDER |
| Defendants. | |

On March 21, 2005, the Plaintiffs requested the Court to permit them to exceed the limitation placed on the number of interrogatories a party may serve upon the other party.[1] See Docket No. 22. The Plaintiffs also requested that they be permitted to serve additional requests for admission on the Defendants.[2] The Plaintiffs asserted that good cause existed for the additional interrogatories and requests for admission in that the responses would "substantially reduce the issues and facts that would need to be tried." Mem. Support Request, docket No. 22, at 2.

---

[1] Pursuant to Rule 33(a), written interrogatories shall "not exceed[] 25 in number including all discrete subparts." Fed. R. Civ. P. 33(a).

[2] While the Federal Rules of Civil Procedure do not subject requests for admissions to a numerical limit, LR 33.1(a) of the Local Rules of Practice for the District Court of Guam limits each party to one set of requests for admission without leave of Court and a showing of good cause.

On March 28, 2005, the Defendants filed an Opposition in Part to Request for Increase in Limitation of Interrogatories. See Docket No. 24. Therein, the Defendants specifically objected to proposed Interrogatory No. 1, which sought all the facts supporting the denial of the Plaintiffs' recently served Requests for Admissions. The Defendants also did "not object to responding to the remaining interrogatories." Opp., Docket No. 24, at 2.

Rule 33 of the Federal Rules of Civil Procedure provides that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26 (b)(2)." Fed. R. Civ. P. 33(a). Rule 26(b)(2), in turn, states that

> [t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

This Court finds proposed Interrogatory 1 neither burdensome nor oppressive as it simply requests the facts supporting the Defendants' denials of the Plaintiffs' Requests for Admission. Additionally, the Court concurs with the Plaintiffs in that the Defendants' response to said interrogatory will narrow the factual issues to be tried. Because the Defendants have stated that they do not object to responding to the remaining interrogatories, the Court GRANTS the Plaintiffs' request to increase the limitation on the number of interrogatories. Furthermore, the Plaintiffs have established good cause to permit them to serve a second set of requests for admission on the Defendants. Because the trial in this case is fast approaching, the Defendants shall respond to the propounded discovery requests by April 30, 2005 – the previously established discovery cut-off date.

SO ORDERED this 18th day of April 2005.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge