Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiff
Luan Q. Trinh



FILED
DISTRICT COURT OF GUAM
APR 25 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM



| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>　　　　　Defendants. | Civil Case No. 03-00017<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESSES; DECLARATION OF WAYSON W. S. WONG |

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESSES

This reply memorandum further supports Plaintiff's Motion in Limine to Exclude Defendants' Experts ("motion in limine") filed by plaintiff Luan Trinh ("Mr. Trinh") on April 12, 2005. Defendants have filed Defendants' Opposition to Motion to Exclude. This reply memorandum responds to that opposition.

Defendants incorrectly contend that there was an agreement between counsel that the defendants would identify their expert witnesses after plaintiffs were deposed

ORIGINAL

and notwithstanding the court ordered discovery cutoff, discovery would remain open until May 31, 2005. Next they contend that Mr. Trinh has not been prejudiced.

Mr. Trinh's counsel concurs that he agreed with defendants' counsel to informally continue the discovery deadline from April 30, 2005 to May 31, 2005. He did it to allow both sides to conduct further discovery and not, according to defendants, "...for the sole purpose of identifying and providing discovery of Defendants' expert witnesses." He never agreed to allow defendants to identify their experts after Mr. Trinh was deposed or to waive or postpone any of the Rule 26(a)(2) disclosure requirements. *See* Declaration of Wayson Wong attached.

Defendants first equivocally "identified their experts on or about January 13, 2005, less than 90 days before the then scheduled March 29, 2005 trial date. Granted, defendants have wanted to depose Mr. Trinh for a long time, and because of the circumstances already described in the record, that had been significantly delayed. But there has been nothing in this case's two-year history to preclude defendants for simply identifying their experts and providing some basic information about them, pending the deposition of Mr. Trinh.

As indicated, defendants have contended that they needed plaintiff's deposition to identify their experts; that is not correct. They identified Dr. John Chase and provided Mr. Trinh's counsel with a copy of his March 9, 2005 expert report well before the scheduled and taken March 24, 2005 deposition of Mr. Trinh. Furthermore, it has been more than a month after Mr. Trinh's deposition and absolutely nothing about or from Dr. Frank Perez, the defendants' apparently identified expert in "traffic reconstruction", has been provided to Mr. Trinh about him.

This is not a complicated case. Defendant Maryfe Culiat turned left in front of the oncoming car driver by Mr. Trinh. She violated his right of way and caused the car accident involved. Photos of the damages, estimates of the damages, defendant Culiat's description of what happened and the police report detailing how the accident happened have been available to the defendants before this case started. There has been absolutely no reason why information about Dr. Perez could not have been provided to Mr. Trinh prior to today. Yet, again, he has not received anything, except his equivocal identification.

In addition to the expert's opinions and bases for them, Rule 26(a)(2) requires disclosures about the data the expert used, the exhibits the expert used, the expert's qualifications, the list of publications by the expert within the preceding 10 years, the compensation to be paid for the study and testimony, and a list of cases in which the expert has testified as an expert at trial or by deposition within the preceding four years. Again, absolutely nothing has been provided to Mr. Trinh about Dr. Perez, in total blatant disregard of that rule.

Mr. Trinh's counsel was involved with Dr. Perez in one case about two years ago, but aside from having some knowledge of his qualifications, he does not have timely other information about him and his involvement in this case, as provided for by that rule. Furthermore, Mr. Trinh detailed the undue prejudice that he will have in properly preparing for trial at the bottom of page 3 and continuing into page 4 of his Memorandum in Support of Motion submitted with his motion in limine on April 12, 2005. That prejudice has increased since that time, because he will have even less time to properly prepare for trial with respect to any testimony by Dr. Perez.

Given the fact that defendants have blatantly violated Rule 26(a)(2) with respect to Dr. Perez, and have done nothing since the filing of the motion in limine to reduce that prejudice to Mr. Trinh, Dr. Perez should be excluded from testifying at the trial for this case.

With respect to Dr. Chase, again, before and since the filing of this motion in limine, defendants have not made any effort to provide Mr. Trinh with the other information the rule entitles him to have, such as the described list of publications and list of cases. Mr. Trinh's counsel has previously deposed Dr. Chase, but that is no excuse for not complying with the rule. For that reason, Mr. Trinh asks that Dr. Chase be precluded from testifying or in the alternative, at the very least, be required to come to Guam, at his expense, for any deposition to be noticed for him to give Mr. Trinh a better chance at deposing him about his publications and involvement in other cases.

For the reasons stated in the Memorandum in Support of Motion filed with the motion in limine and in this reply memorandum, Mr. Trinh respectfully asks this Court to grant his motion in limine.

Dated: Hagatna, Guam, April 25, 2005.

                                                  Wayson W. S. Wong
                                                  Attorney for Plaintiffs

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>Defendants. | Civil Case No. 03-00017<br><br>DECLARATIN OF WAYSON W. S. WONG |

## DECLARATION OF WAYSON W. S. WONG

Wayson W. S. Wong, declares as follows.

1. I am the attorney for plaintiff Luan Trinh in this case.

2. I agreed with defendants' counsel to informally continue the discovery deadline from April 30, 2005 to May 31, 2005, but I did that to allow both sides to conduct further discovery and not, according to defendants, "...for the sole purpose of identifying and providing discovery of Defendants' expert witnesses."

3. I never agreed to allow defendants to identify their experts after Mr. Trinh was deposed or to waive or postpone any of the Rule 26(a)(2) disclosure requirements.

I declare under penalty of perjury under the laws of Guam, that the foregoing statements are true and correct.

Dated: Hagatna, Guam, April 25, 2005.

*Wayson W. S. Wong*
Wayson W. S. Wong