KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By VINCENT LEON GUERRERO

Attorneys for Defendant MaryFe A. Culiat and Fely A. Culiat

FILED
DISTRICT COURT OF GUAM
JUN - 6 2005
MARY L.M. MORAN
CLERK OF COURT

(43)

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>Plaintiff,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>Defendants. | CIVIL CASE NO. CV03-00017<br><br>**DEFENDANTS' TRIAL BRIEF** |

    **COME NOW** Defendants **MARYFE A. CULIAT** and **FELY A. CULIAT** (the "Defendants") and submit their trial brief in conformance to LR 16(b) in the above-captioned matter.

### FACTUAL CONTENTIONS

    This is a diversity action in negligence initiated by plaintiffs **LUAN Q. TRINH** and **CHI LUONG** (collectively the "Plaintiffs") against the Defendants. Plaintiffs' claims arise out of an automobile accident which occurred on Route 16 and an entrance into the Micronesian Mall ("Mall entrance") on December 24, 2000. Plaintiffs were married, but are currently divorced.

Ms. Luong, although identified as a co-plaintiff and as a witness knowledgeable of Luan Trinh's ("Trinh") injuries, now refuses to participate in this action.

At the time of the accident, Trinh and an unknown female companion, in a 1996 Nissan Sentra owned by Pai Van Nguyen[1], were traveling north on the outer lane of Route 16. Route 16 is a seven lane highway with three lanes northbound, three lanes southbound, and a center or turning lane.

About the same time, Maryfe Culiat ("Maryfe") and her friends traveled south on Route 16 and then entered the center lane in a 1989 Oldsmobile Ciera. Maryfe recalls seeing a clearing and drove through the first two oncoming lanes without incident. The Nissan and the Oldsmobile, however, collided in the northbound outer lane. The right front of the Oldsmobile hit the left front fender of the Nissan.

After the accident, Trinh was transported to the Emergency Room of the Guam Memorial Hospital where a CT scan was taken of his head. Although strapped in a seat belt at the time of the accident, Trinh claims his left forehead struck the right portion of the steering wheel. Apparently, no other occupants in either car were hurt. The CT scan reported no abnormalities.

Through deposition testimony taken four years after the accident, Trinh states he was traveling between 15 and 20 miles

---

[1] Trinh apparently was visiting Guam without his wife. On the day of the accident, Trinh and his female companion were on their way to a beach.

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

per hour at the time of the accident. The claim form signed by Trinh shortly after the accident, however, states he was traveling 30 miles per hour.

Approximately one month after the accident, Trinh started seeing a chiropractor claiming he was suffering from neck pains, lower back pains and headaches. Although Trinh testified in his deposition that he reported the neck pain and lower back pain, there are no records showing such complaints were made at the Emergency Room.

**DEFENSE WITNESSES**

**1) FRANK PEREZ, Ph.D.**

Defendants obtained the services of Frank Perez, Ph.D., a traffic reconstruction expert. Dr. Perez is anticipated to testify that if Trinh was traveling at 30 miles per hour as indicated in the claim form, Trinh would be between 208.6 and 287.9 feet from the point of impact at the time Maryfe began her turn into the Mall entrance and that a vehicle traveling at that speed should have been able to stop within 110 feet. Dr. Perez is also anticipated to testify that if Trinh were traveling 15 miles per hour, Trinh was between 110.2 and 149.9 feet from the point of impact at the time Maryfe made her turn in the Mall entrance and that Trinh would have been able to stop within 44 feet.

//

//

**2) JOHN CHASE, M.D.**

John Case, M.D. is an orthopedic surgeon who examined the medical records of Trinh. Although requests were made to obtain the medical records of Trinh generated prior to the accident, Trinh, through counsel, claimed no such records existed. Dr. Chase is anticipated to testify that the bulk of the conditions shown in Trinh's MRIs were not likely caused by the accident.

## ISSUES OF LAW

**1) NEGLIGENCE**

<u>Maryfe Culiat</u>.

Under Guam law, a plaintiff must prove: a duty or obligation, recognized by law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks of harm; a breach of that duty, or failure to conform to the required standard; Proximate cause (a close and causal connection, also known as "legal cause") and actual loss or damage resulting to the interests of another. *Merchant v. Nanyo Realty, Co.*, 1998 Guam 28, 1998 WL 964571. As applied to Guam's Rules of the Road, the Vehicle Code provides:

> § 3327. Private Road or Driveway.
>
> (a) The operator of a vehicle about to enter or cross a highway from any private road or driveway or from an alley shall yield the right of way to all vehicles approaching on said highway.
>
> (b) The **operator of a vehicle intending to turn to the left into an alley, private road, driveway, or any private property** shall yield the right of way to all vehicles which are approaching from the opposite direction and which are so close as to constitute a

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

- 4 -

hazard at any time during the turning movement and **shall continue to yield** the right of way to such approaching vehicles **until such time as the left turn can be made with reasonable safety.**

(c) **An operator having yielded as required by Subsection (b),** and having given a signal when and as required by this Code, **may turn left and the drivers of** all other vehicles approaching **from said opposite direction shall yield the right of way.** 16 Guam Code Ann. § 3327 (emphasis added).

It is Defendants' position that Maryfe did not violate her duty of care to Trinh and executed her turn when it was reasonably safe to do so. Assuming a breach of duty, Defendants maintain that the injuries allegedly sustained by Trinh were not caused by the Defendants' breach of duty.

Fely Culiat.

As suggested in Plaintiffs' complaint it appears that Plaintiffs desired to maintain a claim for negligent entrustment against Fely Culiat. "Liability for negligent entrustment is determined by applying general principles of negligence, and ordinarily it is for the jury to determine whether the owner [or other entruster] has exercised the required degree of care." (Citation omitted.) The seminal case on negligent entrustment is *Rocca v. Steinmetz*, 61 Cal.App. 102, 214 P. 257 (1923). "In its simplest form the question is whether the owner [or other supplier] when he permits an incompetent or reckless person, **whom he knows to be incompetent or reckless, to take and operate his car** [or any other instrumentality], acts as an ordinarily prudent person would be expected to act under the circumstances."

- 5 -

California courts have long held that inexperience *alone* does not *necessarily* establish incompetency. *White v. Inbound Aviation*, 69 Cal.App.4th 910, 920, 82 Cal.Rptr.2d. 71 (1999)(emphasis added).

It is anticipated that Plaintiffs will not put a *prima facie* case of negligent entrustment which would require, among other things, a showing that Fely Culiat had reason to believe Maryfe would act in a negligent manner. In the event of such failure, Plaintiffs' claim for negligent entrustment must fail.

2) **COMPARATIVE/CONTRIBUTORY NEGLIGENCE**

In response to Plaintiffs' complaint, Defendants alleged affirmative defenses of contributory and comparative negligence against Plaintiffs. Under Guam's statutory scheme,

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed under the law on Compensatory Relief shall be diminished in proportion to the amount of negligence attributable to the person recovering. 18 GUAM CODE ANN. § 90108.

In order to prevail, Trinh must show that his negligence was less than that of Maryfe and, if so, any negligence attributable to Trinh would proportionately reduce any award he would receive by the percentage of his negligence.

It is Defendants' position that Trinh's negligence was at least 50% which would bar recovery against Defendants.

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910

Defendants submit that once Maryfe began her turn into the Mall entrance, there was enough time and space for Trinh to have avoided the accident and indeed it should be expected for Trinh to have taken steps to yield to Maryfe.

**EVIDENTIARY PROBLEMS**

**DEPSOSITION OBJECTIONS**

A deposition of Trinh's treating physician, Larry Sabel, D.C., was taken for trial. During the deposition, numerous objections were made that the proper foundation of Dr. Sabel's testimony was not established. For example, a motion was made to have Dr. Sable qualified as an expert in the field of chiropractic study. Nonetheless, Dr. Sabel testified that Trinh's injuries were caused by the accident although he was not qualified as an accident reconstruction expert. Numerous objections were made which Defendants wish this Court to decide.

**MISSING WITNESS/PARTY**

As stated above, Chi Luong, was named as a co-plaintiff. Through Plaintiffs' Initial Disclosures, Ms. Luong was identified as a witness who would testify about the injuries sustained by Trinh. After Defendants noticed co-plaintiff Luong's deposition and served the notice on Plaintiffs' counsel, counsel indicated that Ms. Luong no longer wished to participate in this case and failed to show at her deposition. To date, Ms. Luong continues to be named as a co-plaintiff in this case.

//

Inasmuch as Ms. Luong was and still is a party to this action, Defendants request this Court exercise its discretion and make the inference that Ms. Luong's testimony would not be favorable in Plaintiffs' case. *See Osborne v. City of Long Beach*, 865 F.2d 864, (9th Cir. 1988) (If a party fails to call a person who possesses knowledge about the facts in issue, and who is reasonably available to him, and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called him and did not.)

Through Trinh's deposition, Trinh testified that he was riding with "girl friend." Absent, however, was the name or contact information of the person Trinh was supposedly traveling with notwithstanding Defense' request for such information. Once again, Defendants request this Court exercise its discretion and make the negative inference.

### ATTORNEYS' FEES

Defendants submit there is no basis for attorneys' fees in this action.

### ABONDMENT OF ISSUES

Although unsure, it appears that Trinh has abandoned his claim for negligent entrustment against Fely Culiat. To date,

//

//

//

Fely Culiat was not deposed nor was any discovery directed at her. Defendants submit any testimony concerning Fely Culiat would be akin to a fishing expedition.

**RESPECTFULLY SUBMITTED** this 6th day of June, 2005.

                                        **KLEMM, BLAIR, STERLING & JOHNSON**
                                        A PROFESSIONAL CORPORATION

                                  BY: _/s/ Vincent Leon Guerrero_
                                          **VINCENT LEON GUERRERO**
                                          *Attorneys for Defendants MaryFe A. Culiat and Fely A. Culiat*

```
V49\14226-177
G:\WORD97\OFFICE\WORDDOC\DONGBU\PLD\569-TRIAL BRIEF RE TRINH
V CULIAT.DOC
```

## CERTIFICATE OF SERVICE

I, **VINCENT LEON GUERRERO**, hereby certify that a true copy of **DEFENDANTS' TRIAL BRIEF** will be served via hand delivery on June 6, 2005 to the counsel of record for the Plaintiffs in this matter as follows:

> Wayson W.S. Wong, Esq.
> 142 Seaton Boulevard
> Suite 203
> Hagåtña, Guam 96910

**DATED** this 6th day of June, 2005.

_____
VINCENT LEON GUERRERO

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910