FILED
DISTRICT COURT OF GUAM
JUN 29 2005
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, | Civil Case No. 03-00017 |
| Plaintiffs, | |
| vs. | |
| MARYFE A. CULIAT and FELY A. CULIAT, | ORDER |
| Defendants. | |

This matter is before the Court on plaintiff's Motion in Limine to Exclude Defendants' Expert Witnesses. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motion on the submitted briefs.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby GRANTS the plaintiff's motion in part and DENIES the motion in part.

Mr. Luan Q. Trinh (the "plaintiff") seeks to exclude the testimony of two expert witnesses designated by the defendants, Dr. Frank Perez, an accident reconstruction expert and Dr. John Chase who is expected to give his opinion as to the extent of injuries. The plaintiff claims that as to each of these men, the required disclosures were not made. Specifically, the plaintiff claims if these experts are permitted to testify at the trial, he will be substantially prejudiced because he will not have had the opportunity to properly prepare for their examination at trial.

Rule 26(a)(2) of the Federal Rules of Civil Procedure, which directs expert disclosures

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

states as follows:

> (2) Disclosure or Expert Testimony
>
> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

FED R. CIV. P. 26(a)(2).

The plaintiff claims that the defendants failed to comply with the rule. The trial for this case was scheduled for July 6, 2005. Under Rule 26(a)(2), the disclosures therefore should have been made by April 5, 2005, ninety (90) days prior to trial. However, with respect to Dr. Perez, the defendants have not provided any of the following: a written report prepared and signed, data or other information considered by Dr. Perez, exhibits intended to be used by Dr. Perez, the qualifications of Dr. Perez, information about the compensation to be paid to Dr. Perez, and/or a listing of any other cases in which Dr. Perez has testified to at trial or in deposition.

Although the plaintiff received a written report by Dr. Chase, he claims he did not receive any information about the compensation he was to receive, or a listing of any other cases in which Dr. Chase has testified to at trial or in deposition.

The plaintiff claims that the failure of the defendants to comply with Rule 26 has

prejudiced him, particularly concerning Dr. Perez. The plaintiff has no idea as to what Dr. Perez will testify to at trial. And, he has no idea about the nature and extent of Dr. Perez' expertise with respect to this case. Accordingly, he is unprepared to offer an expert to refute Dr. Perez' testimony.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides sanctions for those who run afoul of Rule 26(a)(2). Rule 37(c)(1) states that a party failing to make disclosures or to supplement responses as required by Rule 26 may not use as evidence any witness or information not so disclosed. FED R. CIV. P. 37(c)(1). Generally, the exclusion of such evidence is automatic and mandatory, unless the offending party can show that its violation of Rule 26(a) was either justified or harmless. *Id.*

The defendants seemingly argue that any violation of the rule is harmless because a trial was conducted by the plaintiff's counsel wherein Dr. Perez testified as an expert. The plaintiff therefore has knowledge of Dr. Perez' curriculum vitae. Additionally, the plaintiff's counsel had the opportunity to depose Dr. Chase and is fully aware of his qualifications. Moreover, any delay in designating their expert witnesses was because the defendants were first waiting to take the depositions of the plaintiff before designating their experts. According to the defendants the discovery deadline of April 30, 2005 was extended to May 31, 2005 for the "sole purpose of identifying and providing discovery of Defendants' expert witnesses." *See* Defendant's Opposition to Motion to Exclude, at p. 5.

The plaintiff agrees with the defendants that the discovery cut-off date was extended. However, plaintiff's counsel states that he did so to allow both sides to conduct further discovery and not for the "sole purpose" of allowing the plaintiff to discovery of the defendants' expert witnesses. *See* Plaintiff's Reply Memorandum; Declaration of Wayson S. Wong at ¶¶ 2-3. At no point did counsel agree to allow the defendants to identify their experts after the plaintiff was deposed. *Id.* Neither did plaintiff's counsel agree to waive or postpone any of the Rule 26(a)(2) disclosure requirements.

The Court finds that the failure of the defendants to disclose their expert witness in compliance with Rule 26(a)(2) was harmless as to Dr. Chase, who was deposed by the plaintiff.

|     |     |
| --- | --- |
| 1 | However, any data or documentation relied upon by Dr. Chase that was not available to the plaintiff |
| 2 | at the time of his deposition shall be excluded. With respect to Dr. Perez, it is clear that the |
| 3 | defendants did not make any attempt to comply with Rule 26(a)(2). To permit him to testify would |
| 4 | be unfair to the plaintiff. The Court is not persuaded by the defendants' weak argument that |
| 5 | because plaintiff's counsel once was involved in a case where Dr. Perez served as an expert |
| 6 | witness, there is no need for the defendants to comply with Rule 26(a)(2) and make the required |
| 7 | disclosures. This case is a wholly separate case, and any testimony he may offer would |
| 8 | undoubtedly be different. Accordingly, Dr. Perez' testimony shall be excluded in its entirety. |
| 9 | In addition, in light of the upcoming bench trial scheduled for July 12, 2005 at 9:00 a.m. |
| 10 | the parties are instructed to prepare proposed findings of fact and conclusions of law to be |
| 11 | submitted within 24 hours following the conclusion of trial. |
| 12 | IT IS SO ORDERED. RMT |
| 13 | Dated this 27th day of ~~July~~ Jun, 2005. |

District Judge Robert M. Takasugi*
United States District Judge

Notice is hereby given that this document was entered on the docket on 06-29-05.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 06.29.05
   Deputy Clerk      Date

---

*The Honorable Robert M. Takasugi, United States Senior District Judge for the Central District of California, by designation.

4