Wayson W. S. Wong, Esq.
Law Offices of Wayson Wong
142 Seaton Blvd., Suite 203
Hagtna, Guam 96910
Ph. 475-7448

Attorney for Plaintiffs

FILED
DISTRICT COURT OF GUAM
JUL -5 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>　　　　　Defendants. | Civil Case No. 03-00017<br><br>PLAINTIFF LUAN Q. TRINH'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT OF MOTION |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

　　Plaintiff Luan Q. Trinh ("Mr. Trinh"), by and through his attorney, Wayson W. S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, moves this Court for an order granting plaintiff leave to file a first amended Complaint to assert a claim under 16 G.C.A. § 171201 against defendant Fely A. Culiat.

　　This motion is made pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of Practice of the District Court of Guam. Under such Local Rules, no hearing on a motion is held, unless requested and ordered by this Court. The motion is straightforward, and if there was more time before the July 12, 2005, Mr. Trinh would not request a hearing. But given the shortness of time, Mr. Trinh requests a hearing at any time before or during the trial and will try to arrange with counsel and the Court for the same..

This motion is based on the record of this case and the documents attached to it.

Dated: Hagatna, Guam, July 5, 2005.

_____
Wayson W. S. Wong
Attorney for Plaintiff

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| LUAN Q. TRINH and CHI LUONG, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>MARYFE A. CULIAT and FELY A. CULIAT,<br><br>Defendants. | Civil Case No. 03-00017<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Mr. Trinh seeks to amend his Complaint to assert a simple straightforward statutory claim that can be proved with the same proof that needs to be presented by him for his other claims against the defendants. It has been asserted in the similar case filed in the Superior Court of Guam, which has been stayed pending the adjudication of this case; and defendants have known about this statutory claim for years. Their defenses to it are the same defenses that they have already been asserting in this case. Thus, to allow such claim would not bring about any undue prejudice to defendants.

II.  DISCUSSION

Under Guam statutory law, the owner of a car has imputed or vicarious liability for the driver of that car's negligence in causing another bodily injury; 16 G.C.A. § 17101 provides in part:

§ 17101. Liability of Private Owners.

(a) Responsibility of owners for negligent operation by person using motor vehicle with permission: imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

(b) Limitation of liability. The liability of an owner for imputed negligence imposed by this Section, and not arising through the relationship of principal and agent or master and servant, is limited to the amount of Five Thousand Dollars ($ 5,000.00) for the death of or injury to one (1) person in any one (1) accident and subject to said limit as to one (1) person is limited to the amount of Ten Thousand Dollars ($ 10,000.00) with respect to the death of or injury to more than one (1) person in any one (1) accident and is limited to the sum of Five Thousand Dollars ($ 5,000.00) for damage to property of others in any one (1) accident.

Mr. Trinh already has a negligent entrustment claim against Mrs. Culiat for entrusting Mrs. Culiat's car to her daughter, Ms. Culiat. He also has a negligence claim against Ms. Culiat. To prove both claims, he needs to prove that Mrs. Culiat owned the car, that Ms. Culiat was negligent in driving it and that her negligence legally caused Mr. Trinh's injuries and damages. In other words, by adding this claim, no additional proof is required, and defendants' defenses are essentially the same.

Rule 15 of the Federal Rules of Civil Procedure ("F.R.C.P.") sets forth the rules that indicate when amendments to pleadings should be allowed. After the pleadings have closed, which is the case here, "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

leave shall be freely given when justice so requires. F.R.C.P. Rule 15(a). Under those provisions of the rule, there is no question that the amendment described should be allowed.

F.R.C.P. Rule 15(b) further provides that amendments may be allowed even at trial, it reads in part that:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The presentation of the merits will be subserved by allowing the amendment because pertinent claims can be tried all in one action rather than in two, this one and the Guam Superior Court case. Judicial economy will be supported. All of the relevant claims against a party should be presented in one rather than in multiple actions. Additionally, as indicated, the admission of evidence to support the amended claim would not be at all unduly prejudicial to the defendants, since such will be the same evidence Mr. Trinh will be offering to support his other claims already in this case. The same defenses that they have asserted apply to the amended claim, and such amendment will not prejudice the defendants in maintaining those defenses.

Thus, both under Rules 15(a) and 15(b), the amendment should be allowed.

III.  CONCLUSION

In the interests of justice, plaintiff respectfully requests that Plaintiff's Motion for Leave to File First Amend Complaint be granted

Dated: Hagatna, Guam, July 5, 2005.

_____
Wayson W. S. Wong
Attorney for Plaintiff